## LESSEE OF CURTIS *v.* NORTON.

*Sheriff's Deed.*

A sheriff's deed is not valid unless the sale is approved by the court, and an order for the deed made.

THIS cause came before Judges Hitchcock and Burnet, at the September term, 1824, in Knox county.

The lessor of the plaintiff claimed title under a sheriff's deed, made on a sale of the premises in question, by virtue of judgments

and executions against Samuel H. Smith. In order to lay a foundation for offering his deed in evidence, he produced the record of a judgment for $1,446.50 against S. H. Smith, in favor of James Smith, entered on the 14th September, 1822 ; also, the record of a judgment for $450.17, against the same defendant, in favor of William Stansbury, entered at the same time. He also produced two executions issued on the aforesaid judgments, which had been returned, levied on the premises in question. The report of the appraisers was also produced, valuing the property at $1,325, and the return of the sheriff that he had sold it to the plaintiff, on the executions aforesaid, and made $835. He then offered the sheriff's deed, made in pursuance of that sale. This evidence was objected to, unless the plaintiff would produce an order of the court for the execution of the deed, in pursuance of the tenth section of the act regulating judgments and executions.

By the COURT:

The question now presented is a new one. The provision on which the objection is taken, was first introduced into our code by the act of 1822, and we are now, for the first time, called on to give it a construction. *The words of the proviso are these: [279 " That if the court, to which any writ of execution shall be returned by the officer, for the satisfaction of which any lands and tenements may have been sold, shall, after having carefully examined the proceedings of such officer, be satisfied, that the sale has, in all respects, been made in conformity to the provisions of this act, they shall direct their clerk to make an entry on the journal, that the court are satisfied with the legality of such sale, and an order that the said officer make to the purchaser a deed for such lands and tenements, which deed, so made, shall be *prima facie* evidence of the legality of such sale, until the contrary be proved."

The act of 1824 contains the same provision, with these additional words, "and the officer, on making such sale, may retain the purchase money in his hands till the court shall have examined the proceedings as aforesaid, when he shall pay the same over to the person entitled thereto, agreeably to the order of the court."

The plaintiff contends that it is optional with the purchaser to

pursue this course, or not—that it was intended for his ease and benefit, and that the only consequence of his omitting to pursue it is, that he must show the legality of all the proceedings anterior to his offering the deed. This exposition is rendered plausible by the manner in which the proviso is introduced, but we do not discover any substantial reason why that construction should be adopted. Viewing the proviso in connection with other parts of the statute, relating to the same subject, we are led to the conclusion that it was the intention of the legislature, that deeds should not be executed by the sheriff until an examination was made, and an order for that purpose entered on the journal.

The construction contended for by the plaintiff would take away the principal part of the benefit that the legislature seem to have intended. We can not believe it was their design merely to aid and protect the rights of the purchaser, when the same proviso, with a more extended, and equally natural construction, would also protect the rights of the parties to the judgment, and prevent much of the litigation that arises from irregularity in the proceedings of sheriffs. Although the letter of the statute does not expressly require *the examination and the order, before the execution of the deed, yet we incline to the opinion that the spirit of it does. We feel disposed to give the proviso a liberal construction, and to extend the relief as far as the terms used in the law will justify. If we look at the object in view we must conclude that it was to prevent, as far as possible, the difficulties that arise from illegal proceedings on writs of executions. The difficulties not only affect purchasers, but also the parties, and frequently third persons. It would be unreasonable, then, to give the law that limited construction which would rob it of more than half the remedy which it seems to have provided. If the statute in this particular intended nothing more than to authorize the purchaser, by pursuing the course prescribed, to offer his deed without showing the previous proceedings, and thereby throw the onus on his opponent, it has done but little to cure the evil, and remove the inconvenience heretofore experienced; but we can not believe the views of the legislature were so limited, when the provision they have made, without doing violence to the terms in which it is couched, will admit of a more enlarged construction and a more extended relief.

From the best view of the subject we have been able to take, we have come to the conclusion that in all cases the proceedings of

Lessee of Curtis *v.* Norton.

the sheriff must be examined, and approved by the court, and· an order obtained before the execution of a deed. This construction is strengthened, by referring to the additional clause in the law of 1824, authorizing the officer to retain the money till the examination is made, and then to pay it over, on the order of the court.

This course, not having been pursued, the deed can not be given in evidence.

The plaintiff submitted to a nonsuit.