## PHILIP KŒHLER v. GEORGE W. BALL et al.

### Error from Leavenworth County.

Where real estate is sold under an execution against the defendant below and an order made on motion of the plaintiff below without appearance by defendant confirming the sale, *held* that the order to confirm is one made upon a summary application after judgment, affecting a substantial right, and is a final order within Sec. 524 of the Code, and reviewable by the Supreme Court under Sec. 526.

The object of an exception is to bring upon the record for review, a decision of the Court upon a matter of law which the record would not otherwise show, in which case it must be reduced to writing, allowed and signed.

When the decision excepted to, is entered on the record and the grounds of objection appear, the exception may be taken by the party causing it to be noted at the end of the decision, that he excepts.

The principle that "the acquiesence in the decision of the Court made during the progress of the trial, by proceeding without objection, waives the right to except," and the provision that "the party objecting to the decision, must except at the time the decision is made," do not relate to final orders made in an action after judgment.

The principle that if the record shows the final judgment to be erroneous, it is the right of the party agrieved to have it reversed, vacated or modified, *held* to apply to final orders made in an action after judgment, and *held* that the order to confirm the sale in this case was reviewable by the Supreme Court without exception taken in the Court below.

Where the Court is satisfied that the sale of real estate has been made in conformity with law, by examining the proceedings of the officer, it is imperatively required to confirm the sale. The Court is not required on

motion for confirmation, to look into the judgment or execution, further than is necessary to determine whether the officer has properly performed his duty under the writ, nor is the Court permitted to decide upon the validity of either.

The order of confirmation is an adjudication, merely, that the proceedings of the officer, as they appear of record, are regular, and a direction to. the sheriff to complete the sale.

Remedies where the execution is irregular, unauthorized or void, or where. the levy is wrongly made pointed out.

The object of the provision in Sec. 407 of the Code, that if no goods or chattels of the debtor can be found, the officer shall endorse on the writ of execution "no goods," is that the personal property of the debtor may be first applied in payment of the debt, and if there is none, to place proof of that fact upon the record.

Where the execution under which real estate has been sold shows no endorsement of "no goods," and where there was no evidence in the return of the officer that the debtor had not sufficient goods and chattels to satisfy the debt, *held* that the sale ought not to be confirmed, and that confirmation was error.

Where the execution was issued July 10th, 1860, and sale of real estate made under it, *held* that under the Act of Feb. 27, 1860, entitled "An Act relating to sales of real property," the absence in the sheriff's return of evidence, that at least five days notice of the sale to the person to whom the land belongs, had been given, rendered it insufficient.

Where the sale was confirmed by the District Court of the Territory, and where motion was made in the District Court of the State to set aside the order of confirmation, and the appraisal and sale of the land as contrary to law and irregular, and where the Court declined to entertain the motion, *held* no error.

Judgment was entered in the Court below February 18, 1860, against the defendant below, and in favor of the plaintiff for $3,500.14 and costs, and on the 22d day of February, and during the same term of Court, a decree was entered, that in default of payment an order issue for the appraisement and sale " of the property described in said plaintiff's petition." An order of sale was issued March 17th, 1860, an appraisement had and sale advertised, but the order returned May 19th, 1860, property not sold for want of bidders.

On August 6th, 1860, an alias order was issued for the sale of "said property, described and referred to in said

plaintiffs petition," for the satisfaction of the judgment and $34.00 cost. This order was returned "without proceedings," Aug. 7th, 1860, on account of the property herein ordered to be sold, to-wit: "the house and lot No. (30) thirty in block No. (45) forty-five, was burned down and entirely destroyed." An execution was issued July 10th, 1860, under a pricipe therefor filed July 10th, 1860, and under it a levy was made July 11th, 1860, on lots No. 11 and 12, block 36, in Leavenworth. The lots were appraised and sale was advertised as shown by the officer's return, "for more than thirty days;" the property sold on August 13th, 1860, to Geo. W. Ball and Thomas R. Elliot, for $1,000.00. On Sept. 5th, 1860, on motion of attorneys of plaintiffs below, to confirm the report of the sale; the Court "after a careful examination of the proceedings of said sheriff, being satisfied of the legality of such sale according to the statute in such case made and provided," ordered the sale confirmed. The defendant on the 28th of June, 1862, filed his motion "to set aside the order made in said case on the 5th day of Sept. 1860, confirming sheriff's sale herein," &c. This motion was withdrawn March 21st, 1863, and another filed the same day by defendant, to set the sale aside as before, and also to set aside the appraisement, "for the reason that said appraisement, sale and order of confirmation, were "contrary to law, and irregular," giving notice that "affidavits will be read at the hearing of this motion." April 2d, 1863, the Court "declined to entertain the motion," to which ruling defendants below excepted, and filed his bill of exceptions, which shows that when the motion came up, plaintiff below appeared and objected to the Court entertaining the motion because the "record" shows a motion was made at a former term to confirm the sale, which motion was sustained and the sheriff ordered to deed; that the defendant offered to prove by affidavits and by the records in the case, that he had no notice of the appraisement or the sale, and was not present at the same, and that the

execution, levy, appraisement, sale and confirmation, were illegal and irregular.

*J. C. Douglas* argued the case for plaintiff, and *Rush El-more* for defendants in error.

*J. C. Douglas* for plaintiff in error :

1st.   The purchasers being the plaintiffs below and judgment creditors, were not *bona fide* purchasers.   They purchased with notice of whatever defects, illegalities or irregularities may have been in the sale, and other proceedings ; (*5th Ohio St. R.,* 78,) and they cannot be heard to plead their wrong in vindication of their title.

2d.   The order confirming the sale was a final order, and to enable this Court to reverse the same for errors apparent upon the record, it was not necessary that exceptions should be taken.   12 *Ohio St. R.,* 502.

3d.   The sale of lands upon execution in Kansas is a statutory proceeding unknown to the common law, penal in its nature, and the statute must be strictly construed.   2 *Cranch,* 358 ; 2 *Peters,* 662 ; 16 *John,* 7 ; 2 *Barb.,* 113 ; 14 *Barb.,* 9 ; 1 *Bibb.,* 214 ; 2 *Barb.,* 113 ; 1 *Yeats,* 300 ; *Blackwell on Tax Titles, p.* 74 ; 9 *Porter Ala.,* 679 ; 4 *Zabriskie,* 796 ; 1 *Dutch, N. J.,* 633 ; *Deming* v. *Smith,* 3 *John Ch.,* 344 ; 7 *Cow.,* 91 ; 4 *Blackf.,* 228 ; 4 *Hill,* 86-99 ; 9 *Mis.,* 879 ; 1 *Mass.,* 86 : 9 *Mass.,* 242-247 ; 13 *Mass.,* 483 ; 14 *Mass.,* 20-29 ; 17 *Mass.,* 243 ; 19 *Verm.,* 451 ; 18 *Pick.,* 495 ; 1 *Pick.,* 45-250 ; 2 *Pick.,* 387 ; 3 *Com.,* 401.

4th.   The duties of a master commissioner and sheriff in selling property involves the same legal liabilities, and the same principles of law govern their official acts.   The legal effect of an execution and of an order of sale is the same.   *Nash's. Prac.,* 572.

5th.   A return of an officer of facts which the law does not require him to return, is mere hearsay, and cannot be used in evidence.   3 *Cow. & Hill's notes to Phillips Ev.* 1046 ; *Bartlett* v. *Gale,* 4 *Paige,* 503 ; 1 *Bibb.,* 567.

6th.   Defendant need not take notice of the proceedings of Court or sheriff in the proceedings after judgment unless legally notified.  20 *U. S. Dig.*, 408-206; *Wright* v. *Sinclaire*, 3 *Clark*, (*Iowa*,) 221.

7th.   The sale was illegal, irregular and void, because

1st.   The issue and levy of the execution was illegal, irregular and void, their being at the time a subsisting levy upon personal property undisposed of, and which was until disposed of, a satisfaction of the judgment.   1 *Ohio*, 466; 5 *Ohio*, 174; 4 *Mass.*, 403; 17 *Mass.*, 433; 12 *John*, 207.

2d.   The execution was for too large an amount,—it included the costs accrued upon the order of sale, which could not legally be done if the order was voluntarily abandoned, and if not abandoned, the levy was intended to be still subsisting.

3d.   The levy was illegal and void for the further reason that the sheriff did not first levy upon and sell the goods and chattels of the debtor, and failing to find "goods and chattels" did not make return of "*nulla bona*" by endorsing on the execution "no goods," before levying upon lands.

See cases cited above under subdivision one, of this head; also the following:

*Comp. Laws, Code, Sec.* 437-439; 9 *Cranch*, 64, *citing Act* 14*th July*, 1798; 4 *Wheat.*, 77; 5 *Wheat.*, 116; 6 *Wheat.*, 119; 4 *Cranch*, 403; 2 *Pet.*, 662; 1 *Bibb.*, 314; 4 *McLean*, 213; 33 *N. H.*, 1860; 39 *N. H.*, 394; 4 *Zabn.* 796; 1 *Ohio*, 318; 10 *Ohio*, 486; 2 *Ohio*, 360; 3 *How.*, 707; 6 *How.*, 14; 4 *Yates*, 21 *and Geo. Decis., pt.* 11-170; *cited in* 4 *U. S. Dig.*, 755, *Sec.* 445, *p.* 757; *cited in* 7 *U. S. Dig.*, 253-8, *p.* 176-47; 14 *Mass.*, 29, 13 *Conn.*, 47; 2 *Cranch*, 358; 9 *Peter*, (*Ald.*,) 679; *see* 4 *U. S. Dig.*, 757-482; 19 *Verm.*, 451; *cited in* 8 *U. S. Dig.*, 178-86; *Dor* v. *Smith*, 4 *Black.*, 228, *and* 3 *How.*, 707; *Phelps* v. *Bighton*, 9 *Rob.*, 531, *and* 6 *How.*, 14; 3 *How.*, 707; *compare Code Sec.* 443; 5 *Mass.*, 557; 9 *Mis.*, 878; 4 *McLean*, 213;

20 *Wend.*, 249; 9 *Lou.*, 546; 5 *Haywood*, 294; 2 *Tenn.*, 219; 2 *Gilm.*, 437; 12 *Ill.*, 173-409; 3 *Ak. Marshall*, 489.

4th. The appraisement was not according to law. The judgment debtor was not notified of the same; (Compiled laws, 772.) Compare the authorities under the last subdivision; also, 26 *Maine*, 277; 42 *id.* 414; 45 *id.* 351; 4 *Harring.*, 536; 2 *E. D. Smith*, 474; 39 *N. H.*, 393; 9 *id.* 48; 10 *id.* 291; 18 *Pick.*, 495; 13 *Conn*, 417; 3 *Shepl.*, 73-153; 9 *id.* 105; 2 *Cush.*, 417; 3 *Gilm.*, 308; 1 *Carter*, 24; 4 *U. S. Dig.*, 756, *Sec.* 460, *citing* 3 *Deo & Batt*, 34.

The officer's return that appraisers "were duly sworn to value and appraise the within property," was not as the law requires "impartially to appraise the property so levied, *Code, Sec.* 444.

5th. The advertisement was insufficient. *Code, Sec.* 448: *compare* 2 *Ohio*, 78; 16 *Ohio*, 563.

There is no return of the time of the sale.

6th. The sheriff sold in one body distinct parcels or lots of land. *Seney's Ohio Code*, 354; 13 *How. Prac., R.*, 555; 1 *Gil.*, 435; *Day* v. *Graham*, 441.

The Court should have heard the motion to set aside the order of confirmation, the appraisement and sale, and the proofs offered to maintain the motion. *Code, Sec.* 547-553; 9 *Ohio*, 163-154; 11 *Ohio*, 359; 4 *Black.*, 258; 5 *id.* 65; 6 *id.* 36.

*Hemmingray, Gambell, Elmore and Martin*, for defendant in error.

The bill of exceptions duly sets up error after judgment, and error will not lie to reverse a judgment for any proceedings subsequent to its rendition, however erroneous they may be. *Bowrell* v. *Zigler*, 19 *Ohio R.*, 362.

The proceedings after judgment are entirely regulated by the statute, and if there be error it must appear of record, to be contrary to the provisions of the statute.

1st. There was a perfect compliance with the statute in the manner of appraising the property in the notice of the sale of the premises, and in the report of the master commissioner, as appears from the records themselves. *Comp. Laws, Ch.*, 26, *Secs.* 444-448, *pp.* 198-199, *and Ch.* 172, *p.* 772, *Sec.* 1, *and on.*

2d. There was perfect compliance with the statute in the issue of the execution to the sheriff in the appraisement of the land in the notice of the sale, and in the sale and confirmation as appears from the record of the proceedings and the return of the sheriff. *Comp. Laws, Secs.* 444-448, *Ch.*, 26, *pp.* 198-199, *and Ch.*, 171, *pp.* 772-773.

The plaintiff in error had actual notice of the time of the appraisement, and having had such notice it was the right of the plaintiff in error to be present at the appraisement and designate the property to be sold, otherwise it was in the discretion of the sheriff.

Had there been *no* notice, or even had the property not been appraised at all, it would not have affected the title of the *purchasers* at sheriff's sale. *Allen's lessee* v. *Parish*, 3 *Ohio R.*, 187.

This case holds that it has never been supposed that it was essentially necessary to sustain a title under a sheriff's deed to show that the sale of the land was advertised the length of time and in the manner directed by statute.

3d. The purchaser at a sheriff's sale depends upon the judgment, the levy and the deed, and all other questions are between the parties to the judgment and the marshal or sheriff. *Wheaton* v. *Sexton*, 4 *Wheat. R.*, 503 ; *Allen's lessee* v. *Parish*, 3 *Ohio R.*, 188.

It is alleged in the petition that the purchasers being plaintiffs and judgment creditors are not *bona fide* purchasers. The statute, (*see Ch.*, 26, *Sec.* 453, *p.* 200,) specifies what parties shall *not* be purchasers, but does not include judgment creditors. And where the plaintiff in execution bids off the land, he need not pay the money, as it is his. 21 *Wend.*, 169, 17 *Johns.*, 332.

4th.  For answer to the fifth point made by the plaintiff in error, as to the *construction* of the Civil Code.  *See Ch.*, 26, *Sec.* 2, *p*. 125, *Comp. L.*

5th.  In the sale of separate lots in a body or otherwise, the sheriff is to exercise *sound discretion*.  In this case the lots were adjoining (the house standing upon both lots,) and were in fact one lot.

The first object should be to sell in such a manner as to secure the *greatest price*.  If this object can be best effected by offering the lots separately, the officer should do so, otherwise not.  *Lessee of State* v. *Macalester*, 9 *Ohio R.*, 19 *and* 25.

6th.  The execution was for the proper amount, and the $14.00 costs upon the order of sale was properly included. *Wilkins, lessee* v. *House et al.*, 9 *Ohio R.*, 163.

7th.  The Court did not err in refusing to hear and grant the motion to set aside the confirmation of sale.

Comp. L., Sec. 449, Ch. 26, p. 199, prescribes the precautions to be taken by the Court before confirming sale of real estate by the sheriff.

A confirmation is *prima facie* evidence of regularity of the proceedings, and the Appellate Court cannot *infer* matters not set out in the record, but on the contrary will presume that the facts of a case *justify* the judgment of an inferior Court, unless all the facts upon which the judgment was founded, appear of record.  *Byers* v. *Freeman*, 1 *Port.*, 478 ; *Munderback* v. *Lutz*, 14 *S. & R.* (*Pa.*,) 220.

If the Court below did err in this regard, then the questions of prior illegality or irregularity must first be pronounced upon by the Court below before they can be made matter of appeal or error in the Appellate Court, for nothing can be assigned for error in fact which the party might have taken advantage of in the Court below.

The Court below is to try all facts which it is in the power of the party to show, and of the Court to try.  *Wetmore et al.* v. *Plant*, 5 *Conn. R.*, 541, *and cases there cited*.

*Barnes* v. *Bulwer, Carth, (Eng. K. B.,)* 124 ; *Hill* v. *West,* 4 *Yeates,* 385.

The party must exhaust his remedy in the Court below first. *Drummond* v. *Carpenter,* 3 *Johns.,* 141.

For the cases in which he has remedy in the Court below after judgment or any final order, see Comp. Laws, Ch. 26, Sec. 546, &c., p. 220.

If the Court below did not err in so refusing to set aside the confirmation of sale, then all proceedings prior to the confirmation, being *res adjudicata,* and not being open in the Court below nor decided upon *there,* could not be matter of review *here,* for the Supreme Court consider nothing as error which has not been decided upon in the Court below. *Alexander* v. *Hayden,* 2 *Mo.,* 211.

The record shows that the proper motion for confirmation of sale was made, and notice of its hearing given, and we hold that the proper and *only* time for the plaintiff in error to have taken advantage of previous illegallities or irregularities was at the time of the *hearing* of such motion, to confirm the sale, he having had legal notice of such hearing and motion. But not having done so we hold that he has waived all plea and benefit of previous error, and that the law bars him from coming in at a subsequent term after the order of confirmation of sale has become *res adjudicata,* and moving to set aside a judgment of Court on the grounds of previous error, all right of pleading which he had once waived. *Warren* v. *Glynn,* 37 *N. H.,* 340 ; *Gelanton* v. *Ham,* 38, *N. H.* 108.

8th. The exceptions taken are all of them technical, and to proceedings after judgment, and we hold that if any such errors had existed, they could not have worked an injury to the party, because they do not affect the validity of the judgment, and that the Court will not reverse for such error. *Ormsby* v. *Johnson,* 34 *Penn. St. R.,* 492.

Finally we hold that (the order of confirmation of sale not being a final order,) error in refusing to set aside the order cannot lie. *Comp. Ls., Secs.* 523-524, p. 215.

The Court properly refused to entertain the motion to set aside the order of confirmation, appraisement and sale, no cause or reason why it should be done having been shown. *Comp. Laws, p.* 220, *Sec.* 546, *case of Livingston* v. *Lamb, Supreme Court of Kansas,* 3 *How.,* 5 *U. S.,* 311.

The order of sale and appraisement could not be set aside until the order of confirmation is set aside.

*By the Court,* Cobb C. J.

Execution was issued out of the District Court of the Territory in Leavenworth County in favor of the defendants in error, plaintiffs in the Court below, against the property of the plaintiffs in error, defendants in that Court, on the 10th day of July 1860, for the collection of $3,500.14 debt, with interest and costs. Certain real estate was sold by the sheriff under said execution and purchased by the plaintiff therein.

On the 5th day of September 1860, in the same Court an order was made on motion of the plaintiff below, and without appearance by the defendant, confirming said sale.

On the second day of April 1863, the said defendant made a motion in the District Court of the first Judicial District of the State of Kansas in Leavenworth County, to set aside said order of confirmation and the appraisal and sale of the land as contrary to law and irregular, which motion that Court declined to entertain. Whereupon he filed his petition in error in this Court to reverse the order confirming said sale.

It is claimed that the order of confirmation in question is not a final order, and for that reason and because no exception to it was taken, it is not reviewable here. Whether it is so reviewable will be first considered. Section 524 of the Code provides that an order affecting a substantial right made in a special proceeding or upon a summary application after judgment is a final order which may be vacated, modified or reversed, &c.

Section 526 provides that "the Supreme Court shall also have authority to reverse or modify any of the following orders of the District Court,—first a *final* order as defined in Section No. 524.

The order in question is clearly an order made upon a summary application after judgment, and as certainly affects a substantial right, the right of the purchaser to receive a conveyance of the property and of the judgment creditor to receive the purchase money—Sec. 449 of Code, and is therefore accurately described as a final order by Sec. 524.

Is it necessary that exception should be taken to such order that it may be reviewed?

In the case of the Commercial Bank of Cincinnati *et al.* *v.* Horatio Buckingham, 12 O. St., 402, the Supreme Court of Ohio decided under a code entirely similar to ours in regard to taking exceptions, that it was not necessary for a party seeking the reversal of a final judgment to take exceptions at the time of its rendition, saying: "The object of an exception is generally to bring upon the record for review, a decision of the Court upon a matter of law which the record would not otherwise show. In such cases the exception must be reduced to writing and allowed and signed by the Court. But when the decision excepted to is entered on the record and the grounds of objection appear in the entry, the exception may be taken by the party causing it be noted at the end of the decision that he excepts." *Code, Sec.* 293. It is provided by Sec. 291 of the Code, that "the party objecting to the decision, must except at the time the decision is made." These provisions of the Code are all found in title nine, which treats of and regulates the trial of causes, and they manifestly relate to decisions which are made by the Court upon questions of law which arise during the progress of the trial. Where objection is made at the time to such decisions, all grounds of exception may perhaps be obviated by the action of the other party or the consideration of the Court. But if the

Kœhler v. Ball.

parties acquiesce in the decision by proceeding in the trial without objection they are regarded as waiving their right to except. But these provisions of the Code do not relate to the final judgment of the Court, which at the close of the trial definitely fixes the rights of the parties in the action. The judgment is not properly a part of the trial but forms the subject of a distinct title in the Code. If the record shows such final judgment to be erroneous it is the right of the party aggrieved to have it reversed, vacated or modified on petition in error to the proper reviewing Court. To note an exception to a final judgment in the Court which renders it, would seem to be utterly futile. The uniform practice of this Court has hitherto been in accordance with these views."

We copy the language of the learned Court at large, because the provisions of our Code relating to the question under consideration, are in substance identical with those of the Ohio Code therein cited, and the reasoning of that Court entirely satisfactory to our minds, is therefore as conclusive under our Code as under that of Ohio. The reasoning also, applies to final orders made in an action after judgment, with the same force as to judgments.

The order in question then is a final order, properly receivable in this Court without exception taken in the Court below. We therefore proceed to examine the alleged errors.

The duty of the Court as to confirming sales of real estate on execution is prescribed by Sec. 449 of the Code, which reads as follows: "If the Court upon the return of any writ of execution for the satisfaction of which any lands, tenements or stock in trade have been sold, shall after having carefully examined the proceedings of the officer be satisfied that the sale has in all respects been made in conformity with the provisions of this title, the Court shall direct the clerk to make an entry on the journal that the Court is satisfied of the legality of such sale, and an

order that the officer make to the purchaser a deed for such land," &c. The Court is to be satisfied that the *sale has been made* in conformity with law by examining the proceedings of the officer, and if so satisfied is imperatively required to confirm the sale. It is not required on motion for confirmation to look into the judgment or execution farther than is necessary to determine whether the officer has properly performed his duty under the writ, nor permitted to decide upon the regularity of either.

The order of confirmation is an adjudication merely that the proceedings of the officer as they appear of record are regular, and a direction to the sheriff to complete the sale.

If the execution is irregular or unauthorized by law, the defendant has his remedy by motion to set it aside, or if it is void by controverting the title made under it, and if it is levied upon property not belonging to the judgment debtor or by any reason not liable to such execution, such wrong not appearing in the proceedings of the officer, has its appropriate remedy independent of and no way effected by the order of confirmation.

The doctrine here advanced was held by the Supreme Court of Ohio in the case of Buckingham *v.* Granvile Alexandria Society, 2 Ohio, 360. A motion for an order to the sheriff to make a deed of land sold upon a *fi. fa.* is a proceeding quite analogous to a motion for confirmation under our Code. This decision was made previous to the enactment of the Ohio Code, but under a provision of law nearly identical with Sec. 449 of our Code. In that case Hitchcock, justice, delivering the opinion of the Court, says: "Upon a motion to set aside an execution, as has been before observed, the Court can with propriety examine the previous proceedings to ascertain whether there has been any irregularity in the orders of the Court, or in the proceedings of the clerk. But upon a motion similar to the present, I apprehend we can look no farther than to ascertain whether the officer in making the sales has pursued

the law. I infer this from the nature of the application and from the words of the statute. These words are as follows, " provided that if the Court to which any execution shall be returned by the officer for the satisfaction of which any lands and tenements may have been sold, shall after having carefully examined the proceedings of said officer, be satisfied that the sale has been made in all respects in conformity to the provisions of this act, they shall direct their clerk to make an entry in the journal, that the Court are satisfied of the legality of such sale, and an order that the said officer make to the purchaser a deed for such land and tenements."

The decision of that case it will be seen, by the language of the learned justice and the statutory provision cited by him, is quite in point to sustain the views above expressed by us.

If this view be correct, as we cannot doubt it is, all questions of the regularity of the execution and other alleged defects and irregularities not appearing to the Court by the return of the officer, are excluded from our consideration under this petition in error which seeks only to reverse the order of confirmation, and we have only to inquire whether the proceedings under the execution as returned by the sheriff, were in conformity with law.

Section 407 of the Code provides that if no goods or chattels of the debtor can be found the officer shall endorse on the writ of execution " no goods," and forthwith levy the writ of execution on the lands and tenements of the debtor. No such endorsement is found upon the writ in question, nor any evidence in the return that the debtor had not sufficient goods and chattels to satisfy the execution. The object of the provision for such endorsement is that the personal property of the debtor, may be first applied in payment of the debt, and if there is none, to place proof of that fact upon the record to satisfy the Court of the regularity of the sale in that respect upon motion for confirmation.

Such proof being wholly lacking in this case, the sale for that reason ought not to have been confirmed. The Act entitled an Act relating to sales of real property passed Feb. 27, 1860, and which went into effect on the same day, provides that the officers whose duty it shall be to make any sale of real property under any statutory provision of this Territory, shall give at least five days notice of such sale to the person to whom the land belongs. *Comp. L.*, 772.

That law was in force and applicable to the sale in question, but the sheriff's return does not show compliance with it, and is in that respect insufficient.

The District Court of the State was right in declining to entertain the motion to set aside the order of confirmation made by the District Court of the Territory. There was no irregularity in obtaining the order complained of, but an error of the Court, in confirming a sale not regular upon the face of the papers, appears, and for that error the order of confirmation must be reversed with cost against the defendants in error.

All the justices concurring.