BAXTER *et al.* v. O'LEARY *et al.*

Comp. Laws, § 5149, provides that the court, if satisfied on return of a writ of execution that the sale was in conformity with statute, shall confirm the same, and direct the officer to execute a deed at the expiration of one year, unless the land is redeemed. Section 5160 declares that the deed shall be sufficient evidence of the legality of the sale, until the contrary is proven and shall vest in the purchaser as good title as the judgment debtor had. *Held*, that where the proceedings are shown to be regular in other respects, mere failure to have the sale confirmed will not defeat the purchaser's title, especially on collateral attack by one who does not claim through or under the judgment debtor.

(Opinion filed July 20, 1897.)

Appeal from circuit court, Lawrence county. Hon. A. J. PLOWMAN, Judge.

Action to recover possession of a certain mining claim. The court directed a verdict for defendants, and from a judgment entered thereon plaintiffs appeal. Reversed.

The facts are stated in the opinion.

*Rice & Polley,* for appellants.

The sheriff's deed was competent evidence and should not have been excluded. Bowan v. Cockrill, 6 Kans. 311; Shields v. Miller, 9 Id. 390; Conner v. Long, 19 N. W. 221; Harteaux v. Eastman, 6 Wis. 404; Eastman v. Harteaux, 12 Id. 296.

*Joseph B. Moore,* for respondents.

Whenever a statute requires the sale to be reported to and approved by the court, a conveyance without confirmation is void. Curtis v. Norton, 1 Ohio 278; S. C., 15 Id., 384; Bank v. Green, 4 N. W. 942.

HANEY, J. · This is an action to recover possession of a mining claim. Plaintiffs allege that the claim was located as the Snowstorm lode by Joseph Wilder, in 1877; that he conveyed it by deed to William Bull; that Bull conveyed it by deed to the Milwaukee & Black Hills Mining Company in 1879; that on April 13, 1886, it was sold on execution to Lee R. Baxter, judgment plaintiff in an action at law, to whom a sheriff's deed was issued November 13, 1890; that on April 13, 1886, Baxter entered into a contract with Charles F. Thompson, whereby he sold the claim to him for $568.43, which consideration was then paid by said Thompson; that Baxter placed Thompson in possession of the claim and authorized him to have the annual assessment work thereon performed; that Baxter and Thompson caused the requisite work to be done during 1886; that Baxter conveyed the claim by deed to Thompson January 2, 1891; that Thompson died intestate in May, 1892, leaving as his sole heirs at law the plaintiffs Thomas W. Thompson and Carrie S. Pierce; that on November 13, 1893, the county court made an order of final distribution of the residue of the Thompson estate, including all the property of every kind belonging thereto, to said heirs at law, share and share alike; that while Baxter was seized and possessed and entitled to the possession of the claim, on January 1, 1887, de-

fendant O'Leary and Collins, without right or title, wrongfully and unlawfully entered into and upon the same, and wrongfully and unlawfully ousted and ejected Baxter therefrom, and still wrongfully and unlawfully withhold possession of the premises from plaintiff; that when the deed from Baxter to Thompson was executed and delivered the defendants wrongfully and unlawfully held possession, claiming title, for which reason Baxter is made a party plaintiff. There are other allegations in the complaint, but enough have been given to explain the questions of law involved. Defendants practically deny all of the foregoing allegations, and allege that no assessment work was done by any one in 1886, and that the ground in dispute was relocated as the Lackawanna lode, January 1, 1887; that since that time they have been in continuous possession of the claim, have each year performed the required work thereon, and that during such time the plaintiffs have done no work thereon, except a few days' work in 1887; that the Snowstorm lode was of little value in 1887, but because of the sums expended and improvements made by defendants the claim is now worth $10,000; that neither plaintiffs nor Charles F. Thompson ever took any legal steps to assert any title to the ground in dispute until this action was commenced; that by reason of their long silence and acquiescence, and by permitting defendants to develop the same, plaintiffs are estopped to claim any title thereto. Plaintiffs introduced evidence tending to prove the original location and conveyances from Wilder to Bull, and from Bull to the Milwaukee & Black Hills Mining Company, and that the required assessment work was done in 1886. They then offered the sheriff's deed to Baxter, which was rejected, for the reason that the record failed to show any confirmation of the sale; and, having rested, defendants moved the court to direct a verdict in their favor "upon the ground that plaintiff had failed to connect himself in any way with the title to the Snowstorm lode," which motion was sustained, and defendants had judgment accordingly.

The contention of defendants that plaintiff's evidence shows a failure to do the required amount of assessment work in 1886, and therefore they cannot recover under any view, is untenable. Such is not the fair and reasonable inference to be drawn from all the evidence, nor was such failure of proof assigned as a ground of defendant's motion to direct a verdict. It does not appear from the abstract when this action was commenced, nor was the question of estoppel raised by the motion to direct the verdict; hence the only question presented by this appeal is whether the court erred in excluding the sheriff's deed and in directing a verdict for defendant for the reason that plaintiff failed to connect himself with the title. Technically, the deed should have been received, as the statute makes it *prima facie* evidence of the legality of the sale; but as the parties agreed that thorough search had been made among the records, and no order of confirmation found, it becomes necessary to consider the effect to be given a sheriff's deed where the sale has not been confirmed. It should be observed that the execution was issued on a valid judgment in an action at law; that the purchaser and grantee in the deed was plaintiff in such action, and that the proceedings are regular in every respect, except the want of confirmation. The statute contains the following provisions: "If the court upon the return of any writ of execution, for the satisfaction of which any real property or interest therein has been sold, shall, after having carefully examined the proceedings of the officer, be satisfied that the sale has, in all respects, been made in conformity to the provisions of this chapter, the court must make an order confirming the sale and directing the clerk to make an entry on the journal, that the court is satisfied of the legality of such sale, and an order that the officer make to the purchaser a deed of such real property, or interest therein, at the expiration of one year from the day of the sale, unless the same be redeemed as herein provided. And the officer, after making such sale, may retain the purchase money in his hands, until the court

shall have examined his proceedings, as aforesaid, when he
must pay the same to the person entitled thereto by order of
the court." Comp. Laws, § 5149. "Upon the expiration of the
period for redemption, the proper officer must make the pur-
chaser, or the party entitled thereto, a deed of real property
sold. The deed shall be sufficient evidence of the legality of
such sale, and the proceedings therein, until the contrary is
proved, and shall vest in the purchaser, or other party as
aforesaid, as good and as perfect title in the premises therein
mentioned and described, as was vested in the debtor at or
after the time when such real property became liable to the
satisfaction of the judgment. And such deed or conveyance to
be made by the sheriff or other officer, must recite the execu-
tion or executions, or the substance thereof, and the names of
the parties, the amount and date of rendition of such judgment,
by virtue whereof the said real property was sold as aforesaid,
and must be executed, acknowledged or proved, and recorded
as is or may be provided by law, to perfect the conveyance of
real property in other cases." Id. § 5160. The law of Kansas
upon this subject is substantially the same as in this state. It
is there held that the order of confirmation is an adjudication
merely that the proceedings of the officer as they may appear
of record are regular, and a direction to the sheriff to complete
the sale; that on a motion to confirm the sale the court cannot
go behind the execution, nor receive any evidence except as to
the regularity of the proceedings; and that, if the return of
the officer shows that all the requirements of the statute have
been complied with, the sale ought to be confirmed. Koehler
v. Ball, 2 Kan. 160; Challiss v. Wise, Id. 193; White Crow v.
White Wing, 3 Kan. 270. Giving the statute this construction,
it seems to follow that the failure to have a sale on a judgment
in an action at law confirmed is a mere irregularity, which will
not defeat the purchaser's title where the proceedings are
shown, as in this case, to be in all respects regular, and in con-
formity with the statute. A sheriff's sale may be confirmed at

any time after the sheriff has made his return, on motion of
any person interested therein, or on the court's own motion
and without the consent of the sheriff. Ferguson v. Tutt, 8
Kan. 370. In this state the practice is to confirm without no-
tice. The proceeding is purely *ex parte*, and we think the only
effect which should be given it is to preclude inquiry concern-
ing the regularity of the sale as shown by the officer's return.
If such return, when introduced in evidence, shows that the
sale was made in conformity with law, it is unreasonable to
hold that the failure of the court to make a formal *ex parte*
order, which merely approves what appears on the face of the
papers, should invalidate a purchaser's title. It should be ob-
served that we are considering a sale in an action at law,
wherein the officer acts, not under the direction of the court, as
in cases of judicial sales, but under the naked authority of the
execution, and the express direction of the statute. Indeed,
there is no substantial reason for requiring the confirmation of
such sales. It is required in but few states. Our law would
be more consistent and consonant with the trend of modern leg-
islation if the section quoted above were repealed. In constru-
ing a similar provision, the supreme court of Ohio at an early
day reached a different conclusion. Curtis v. Norton, 1 Ohio
278; McBain v. McBain, 15 Ohio St. 337. It is suggested that
our statute came from that state burdened with the construc-
tion there given it. It may, or it may have come from Kansas.
In any event, this court cannot infer that the legislature
intended to make the title to real property dependent upon
such idle technicalities. When every material fact exists
which is necessary to convey a judgment debtor's property to
a purchaser when the debtor makes no objection to the trans-
fer, and when every fact essential to such transfer is shown by
evidence which we hold to be conclusive upon the court in con-
firming such transfer, its failure to confirm should have no more
serious result than to require the production of the original
records upon which the transfer is based. This is especially

true when the regularity of the proceedings is attacked collaterally by one who does not claim through or under the judgment debtor. If the court had jurisdiction to render the judgment, and every requirement of the statute as to the sale has been complied with, and the judgment debtor has made no complaint, we can see no valid reason why these defendants, who claim nothing from such debtor, should be heard to object to plaintiff's title. Paine v. Spratley, 5 Kan. 525. Defendants attempted to secure this mining claim by means of a relocation on the theory that the requisite work was not done in 1886. Certainly Baxter had, by reason of his purchase, acquired a right to do the work in that year. If, as alleged, he caused the required work to be done, the ground was not open to relocation. As heretofore intimated, no opinion is expressed upon defendant's plea of estoppel, nor is it intended by this decision to preclude the parties from litigating the issue as to what amount of work was done by defendants in 1886. It follows that the court erred in excluding the sheriff's deed, and in directing a verdict for defendants. The judgment is reversed and a new trial ordered.