## ATCHISON v. ARNOLD, ADMINISTRATOR, ETC.

APPEAL AND ERROR—EXCEPTIONS—ESTATES OF DECEDENTS—ADMINIS-
TRATOR'S SALE AND CONFIRMATION THEREOF—BILL OF EXCEPTIONS—
ADMISSIONS BY PLEADING.

1. Where one asserting title to a certain interest in land inventoried as the property of a decedent's estate filed exceptions to an order for its sale by the administrator, and an order was entered confirming the sale, which was, in effect, the overruling of such exceptions, there is nothing for the court to pass on, in a proceeding in error complaining of the order of confirmation, in the absence of an exception to the making of such order; there having been no specific ruling upon the objections to the sale and no exception to any ruling thereon.

2. An exception is necessary to an order overruling objections to an order for an administrator's sale to authorize its review on error.

3. A bill of exceptions is necessary to the review on error of an order confirming an administrator's sale of real estate based upon the administrator's return and testimony in support thereof, and the report of a commissioner, appointed to hear evidence and report upon objections to the order of sale interposed by one asserting an interest in the property adverse to the estate.

4. A demurrer to exceptions interposed to an order for administrator's sale by one asserting an adverse interest in the property cannot, for the purpose of reviewing the order of confirmation in the absence of a bill of exceptions, be deemed an admission of the facts set up in the exceptions, where the matter appears to have been determined upon evidence, and the facts found adversely to the exceptions.

[Decided April 20, 1903.   On petition for rehearing, October 20, 1903.]                         (72 Pac., 190;  73 Pac., 964.)

ERROR to the District Court, Uinta County, HON. DAVID H. CRAIG, Judge.

Caroline Atchison, claiming to be an heir at law of one Marinda Wilson, deceased, and as such to be the owner of a one-fourth interest in a certain tract of land inventoried in the estate of one John B. Wilson, deceased, filed exceptions to an order of court directing a sale of the premises by the administrator of the John B. Wilson estate. The sale was made and confirmed, and said protestant prosecuted error. The material facts are stated in the opinion.

*J. H. Ryckman,* for plaintiff in error.

The facts in this case are not in dispute. It is conceded that the deed of conveyance of the land in dispute was an ordinary warranty deed granting the land in fee to John B. Wilson and Marinda Wilson, who were husband and wife at the time, and were such at the time of the death of Marinda Wilson, which occurred March 17th, 1896. It is

conceded that at the time of her death and for some time prior thereto the land in controversy was occupied by them as their home.  It is conceded that at the time of the death of Marinda Wilson she left surviving her as her heirs at law the said John B. Wilson and this protestant, Caroline Atchison, her only child by her former husband.

Upon her death, her undivided half of the land in controversy vested in the said John B. Wilson and this protestant.  Hence, at the time of the death of the said John B. Wilson, he was seized of an undivided three-fourths of the land in controversy, and this protestant was, as she had been from the death of her mother, and has ever since been, seized of the remaining undivided one-fourth thereof.  There is no such thing as joint tenancy in Wyoming, and unless joint tenancy existed in Wyoming at the time of the death of Mrs. Wilson, together with the common law incident of survivorship, it is impossible to see how the said John B. Wilson ever had any right to the whole of his wife's estate in said land.

Under the law of Wyoming (R. S., Sec. 2972), a wife may hold and convey real estate in the same manner as other persons.  She may take by the same tenure and subject to the same incidents, neither greater nor less, as though a *feme sole*.  If no contrary intent, therefore, is expressed in the conveyance to them under the instrument under which they hold, the husband and wife take as tenants in common.  The common law doctrine that husband and wife are one so completely that they could not take by moieties does not prevail here.  She takes in her own right in this State under such a deed either jointly with her husband or any one else, and then becomes tenant in common.  Although a woman's marital rights are not entirely changed in this State, they are modified to such an extent that in relation to her property, real and personal, she may contract and be contracted with, sue and be sued, convey and receive conveyances, just as her husband may.

Section 2980 of the Revised Statutes provides that the

separate deed of the husband shall convey no interest in the wife's lands.

If the .separate deed of John B. Wilson could not have conveyed any interest in his wife's share of the land in controversy, how can the creditors of John B. Wilson, after his death and after her death, seize any .part of her estate that was not vested in him by her death? (1 Wash. Real Prop., star p. 408; Tiedeman on Real Prop., Sec. 235; Miles v. Fisher, 10 O., 1; Hoffman v. Staggers, 28 Ia., 302.)

It was contended by counsel for the administrator in this estate upon the oral argument in the action of ejectment subsequently brought by the Blyth and Fargo Company against this protestant to obtain possession of the land in controversy, that Section 4741 of the Revised Statutes is relied upon. A cursory inspection of that section will suffice to convince the court that it has no application to such a case as the case at bar.

That section is taken from the California code with many changes in a vain attempt to adapt it to the laws of Wyoming. It provides that a homestead held by the husband or the wife, or either of. them during coverture, selected from the common property, or from the separate property of the person selecting or joining in the selection of the same, vests on the death of the husband or wife absolutely in the survivor. It is clear that this statute has no application, because the title to the land in controversy was neither in the husband nor the wife, but was in both at the time of the death of the wife, which occurred first. So that the case at bar neither comes within the letter or the spirit of Section 4741. There is nothing in the record to show that the homestead was ever selected from the common property of the husband and wife, or from the separate property of either, or that either ever selected it or joined in the selection to make it the homestead.

On petition for rehearing: The Constitution provides for appeals. (Art. 5, Sec. 18.) The Civil Code as to appeals governs in probate. (R. S., Sec. 4551.) A final

order is defined by Section 4247, and Section 4249 provides such order may be appealed from. The order confirming the sale was a final order and terminated the action. (Pard v. Furman, 72 Pac., 2.)

The provisions of our code providing for exceptions (Secs. 3739-3743) are taken verbatim from the Ohio code, and have no application to final judgments or orders. It is not necessary in such case to obtain a review and reversal on error that the party should, have excepted at the time of its rendition. (Commercial Bank v. Buckingham, 12 O. S., 402; Justice v. Lowe, 26 O. S., 372.)

A failure to except to the action of the court in overruling exceptions and confirming a sheriff's sale will not prevent a review, as the order being final no exceptions are necessary. (Jones v. Mill, 9 Neb., 254; 2 N. W., 350.) A final order or judgment is reviewable in the appellate court without any exception thereto having been taken in the lower court. (Kochler v. Ball, 2 Kan., 154; 83 Am. Dec., 451; Lender v. Caldwell, 4 Kan., 339.) An exception to a final judgment is unnecessary to a review of the cause. (Black v. Winterstein, 6 Neb., 224; Welton v. Baltezore, 17 Neb., 399; 23 N. W., 1; Cheney v. Wagner, 30 Neb., 262; 46 N. W., 427; Erct v. Omaha Nat. Bk., 43 Neb., 613; 62 N. W., 67; Thompson v. Hancock, 51 Cal., 110.)

Appellant's contention is that the record in this case fully and clearly discloses the interest of appellant in the tract of land sold by the appellee, and that he had no right to sell and the court no power to confirm such sale. If so, no exception to the order is necessary. (2 Cyc., 716, and cases cited.)

The Court Commissioner took no testimony save, as he says, "the written testimony of the administrator as appears in his return and report of sale of the property filed herein," nor did the court hear anything further. Hence, there was nothing to preserve in a bill of exceptions, beyond what appears in the record. There is no point in the case that evidence would make clearer, and the claims set up by ap-

pellant and sworn to as "exceptions" to the order of sale were never disputed.

No appearance for defendant in error.

CORN, CHIEF JUSTICE.

The controversy in this case arises out of the sale of lands by the defendant in error, as administrator, to pay debts of the deceased, John B. Wilson. The administrator obtained an order from the District court, sitting for the trial of matters of probate, for the sale of certain lands inventoried as the property of the estate, or in which the estate had an interest. The plaintiff in error filed exceptions to the order of sale, setting up that she was the owner of a one-fourth interest of a certain one hundred and sixty-acre tract of said land, and praying that such order of sale be set aside and an order made protecting her interests. The sale was proceeded with and reported by the administrator to the court for confirmation. The court confirmed the sale so far as the same was not objected to, and referred the matter of plaintiff in error's exceptions to the commissioner of the court to hear the evidence, reduce it to writing and report the same to the court for its further determination. In the meantime the administrator demurred to the exceptions as insufficient in law to defeat the confirmation of the sale. The commissioner reported, finding that the land was legally sold and recommending that the sale be confirmed "conveying all the right, title and interest of said estate." The court thereupon made an order confirming the sale of the land in question, reciting that it had examined the return of the administrator and heard the testimony of witnesses in support thereof, reciting also the report of the commissioner and his recommendation that the sale be confirmed and finding that due notice of the sale had been given.

So far as appears from the record, no exception was taken to this order. It was in effect the overruling of her exceptions, or objections, and was the final order determining

her claim and her rights in the proceeding; and in the absence of any exception to the decision of the court, there is nothing for this court to pass upon.

But, further, there is no bill of exceptions and none of the evidence, which it appears was heard by the commissioner and by the court, is in the record. The claim of plaintiff in error is that she is the daughter and heir at law of one Marinda Wilson, the wife of the deceased, whose death preceded his; that her mother was the owner of an undivided half interest in the one hundred and sixty-acre tract mentioned, and that the plaintiff in error inherited from her the one-fourth interest which is in question in this case. But there is no evidence in the record whatever tending to establish such relationship or that plaintiff in error is such heir at law. It is, therefore, we think, entirely clear that no claim, depending upon such relationship, is before this court for its consideration.

Counsel for plaintiff in error states in his brief, however, that the facts are conceded, among others, that, at her death, Marinda Wilson left surviving her, as her heirs at law, the deceased, John B. Wilson, and the plaintiff in error, her only child by her former husband. But defendant in error has filed no brief in this court, there is no finding of such facts by the District Court, and there is no admission of the facts by any pleading of defendant in error, or otherwise, so far as appears in the record, unless it be contended that they are admitted by the demurrer to plaintiff in error's exceptions. The demurrer was not specifically ruled upon by the District Court. Indeed it does not appear to have been filed in court, as it bears the file mark of the commissioner and not of the clerk. And the commissioner reports that he sustains the demurrer, thus indicating that he looked upon it as submitted to himself for final determination and not to the court. But, as it is found among the papers transmitted to this court, it is perhaps fair to presume that it was returned into court as part of his report, and it may have received the court's attention. But, in any view of it, the de-

murrer must be deemed to have been overruled by the court, as it appears affirmatively from the record that the matter was determined upon a hearing of the evidence, and the facts were found adversely to the claim of the plaintiff in error. In no view of the record, therefore, can the demurrer be deemed an admission of the facts upon which plaintiff in error relies for a reversal of the final order of the District Court. The procedure in probate matters is necessarily very informal, and this court would be slow to determine any question, arising in the exercise of the probate jurisdiction of the District Court, upon any strict or technical construction of pleadings. But, under the most liberal construction and as matter of substance, it is evident that this record presents no question for our consideration.

It must also be understood that we do not decide that the District Court has adjudicated, or that it had any power to adjudicate, in this probate proceeding, the question of the title of the plaintiff in error to the land in question. As the petition in error must be dismissed upon the grounds mentioned, no consideration of that question is necessary or proper in this case, and we intimate no opinion upon the subject. The petition in error will be dismissed.

KNIGHT, J., and POTTER, J., concur.

### ON PETITION FOR REHEARING.

CORN, CHIEF JUSTICE.

In this case the petition in error was dismissed upon the ground, among others, that no exception was taken in the District Court to the decision complained of, and that, therefore, the matter was not before us for determination. In his application for a rehearing counsel for plaintiff in error urges, upon the authority of Bank v. Buckingham, 12 O. St., 402; Koehler v. Ball, 2 Kan., 160, and other cases, that it is not necessary that exception should be taken to a final judgment in order to obtain a review of it in the appellate court.

Those cases are not authority for the proposition that, be-

cause there is a final judgment in the case and the object of
the proceeding in error is to reverse or modify such judg-
ment, therefore no exception need be preserved to the ruling
complained of. In all cases there must have been a final
judgment or order in the lower court before this court is au-
thorized to exercise its appellate jurisdiction. But the de-
cisions referred to go only to the proposition that when the
error complained of is in the judgment itself, as distin-
guished from the proceedings in the trial, and the error is
manifested by an examination of the record proper, such
judgment may be corrected or modified by the appellate
court, although no exception was noted in the trial court.
The final judgment in this case is the one required by statute
to be entered, and there is no complaint that it is unsup-
ported or otherwise irregular or. defective. But the com-
plaint is that the trial court erred in overruling the objec-
tions of plaintiff in error to the order of sale. It is clear
that to have this ruling reviewed in the Supreme Court there
must have been an exception to it. Plaintiff in error did
not obtain from the court below a specific, separate ruling
upon her objections, but the effect of the findings and judg-
ment was to overrule them. And, as intimated in our opin-
ion, it would seem that she might have saved the question
by a proper exception to the judgment and findings. But,
in any event, it would be strange if she could avoid the legal
necessity of saving an exception by suffering the case to go
to final judgment without asking the trial court for a specific
ruling upon the questions involved. That would be to re-
verse the whole order of proceedings in this court and to
demand its decision of questions because they were not
presented or passed upon in the court below. The cases re-
ferred to are not authority for any such proposition.

Counsel also urges that the court heard no evidence ex-
cept the written return of the administrator and the written
report of the commissioner, and hence there was nothing
to preserve in a bill of exceptions. But, if it be conceded
that such return and report are a part of the record without

being brought in by bill of exceptions, yet one of the recitals in the final judgment is, "the court having examined the said return and heard the testimony of witnesses in support thereof," etc. This very clearly indicates that additional evidence was heard, and, in any event, we have no certificate of the court, in any form, that all the evidence is before us.

A rehearing will be denied.

KNIGHT, J., and POTTER, J., concur.