Ferguson v. Tutt.

P. S. FERGUSON, *et al.*, v. THOMAS E. TUTT, *et al.*

1. PLEADINGS; *Execution of Written Instruments; Verifying Answer.* Where a plaintiff founds his action upon a written instrument, setting it out in full in his petition, and the defendant does not deny its execution by a pleading verified by affidavit, there is no issue upon which evidence in proof of the written instrument may be introduced. But if the plaintiff unnecessarily does introduce in evidence an exact copy of the written instrument set forth in his petition, whether the preliminary proof of such copy is sufficient or not, the error is not substantial.

2. SHERIFF'S RETURN—LOST RECORD; *May be proved by parol.* A sheriff's return on an order of sale, showing that he had collected money thereon, is a part of the record of the proceedings. And it is competent to show by *parol* evidence the contents of a sheriff's return as a lost record.

3. DEMAND, *by agent.* A person may make a demand as well through an agent as by himself.

4. SHERIFF SALE; *Duty of Sheriff with respect to Purchase money.* After a sale of real estate has been made by a sheriff on execution or order of sale, and the sale confirmed by the court, the sheriff cannot be allowed to show that he has not received the purchase money on the sale. It is his duty to receive it when the sale is made. He then holds it until the sale is confirmed by the court, and then without waiting till a deed for the premises shall be executed, he pays it over to the person or persons entitled thereto.

5. ———— *Confirmation of Sale.* A sheriff's sale may be confirmed at any time after the sheriff has made his return, on motion of any person interested therein, or on the court's own motion, and without the consent of the sheriff.

6. PLEADINGS; *Reply.* Allegations in an answer that raise only the question of the truth of the allegations set forth in the petition, do not require a reply.

7. SHERIFF *not to question Regularity of Sale.* After a sheriff's sale has been confirmed, and the sheriff and his sureties sued for the purchase money, they cannot raise any question of irregularity in the confirmation of the sale, òr in any of the prior proceedings.

*Error from Wyandotte District Court.*

ACTION brought by *Thomas E. Tutt, Dent G. Tutt,* and *John F. Boker,* as plaintiffs, against *Ferguson,* as late sheriff of Wyandotte county, and the sureties on his official bond, to

recover certain moneys received by *Ferguson* as sheriff. The petition alleged that in a certain action for the foreclosure of a mortgage, wherein M. Dively and others were plaintiffs, and W. T. Wheatley and Thomas F. Thatcher, and the plaintiffs herein, and others, were defendants, a decree was rendered by the Wyandotte district court in and by which decree it was ordered and adjudged that the mortgaged premises be sold, and that after paying the costs, and paying $2,317.90 and interest to Edmund Terry, the balance, if any, should be paid to the plaintiffs herein, *Tutt, Tutt,* and *Boker;* that upon an order of sale issued on such decree, *Ferguson* had collected $125.73, and upon an *alias* order of sale the mortgaged premises were sold by *Ferguson* for $4,500, making an aggregate of $4,625.73; that said sale was confirmed Nov. 2, 1866; that of the moneys so received by *Ferguson* the plaintiffs were entitled to the sum of $2,116.06, being the amount remaining after payment of the costs of the suit, and the amount decreed to Terry; that *Ferguson* had neglected and refused to pay over said moneys; that *Ferguson* was duly elected sheriff of said county for the term commencing in January, 1866, and had duly qualified; that the defendants *Cruise, Zeits,* and *Walker* were the sureties on his official bond, a copy of which bond was set forth in the petition. Judgment was demanded for $2,116.06, and interest from Nov. 2, 1866. The defendants answered: 1st, a general denial; 2d, the recovery of a judgment by one M. S., in 1864, against one C., a former owner of the property; 3d, the recovery of a judgment in 1864, by one W. H. S., against said C., etc.; (and the answer contained seven other defenses similar to the second and third.) The action was tried at the June Term, 1869, and the plaintiffs had judgment for $2,350. Numerous exceptions were taken by the defendants to the admitting of certain evidence, and the giving and refusing certain instructions. New trial refused, and the defendants bring the case here by petition in error.

*John K. Hale,* for plaintiffs in error:

1. The court erred in receiving a copy of the sheriff's official bond in evidence, and permitting the same to go to the jury.

The *copy* of the bond should not have been received as offered, even if the bond itself were regular. It could not have been received at all except by special provision of statute; and unless the copy conforms in all things to the requirements of the statute it is not admissible in evidence. The statute provides " that copies of all documents, papers, writings, and instruments, *duly filed* and deposited in the office of any probate judge, register of deeds, county clerk, or county treasurer, *with the seal* of his office affixed, shall be *prima facie* evidence in all cases." Comp. Laws, 433, § 127; 1 Greenl. Ev., § 485.

The bond itself, from which the copy introduced in evidence purports to be taken, was invalid in law, and insufficient, not complying with the statute. It was *dated* January 8, 1866, and was indorsed, "Approved, and *filed*, January 6," (two days before its date;) and the approval and filing were signed by the probate judge, while the statute says it must be filed with the county clerk. Comp. L., p. 422, § 68; Gen. Stat., p. 277, § 99.

2. The court below received the testimony of Cooper in regard to the indorsement on the order of sale returned by Ferguson as sheriff, and which order of sale, after diligent search by the clerk of the court, could not be found. Mr. Cooper testified that on the back of the original *vendi* " there was indorsed in the handwriting of Ferguson, his receipt for $125 as received from defendant Chrysler, on the————day of ————." This testimony should have been rejected, parol testimony not being admissible to complete the record under any circumstances. 1 Greenl. Ev., §§ 86, 483.

Said witness also testified that on the day after the confirmation of the sale, he, for the plaintiff, demanded of Ferguson' the overplus proceeds of the sale after· paying the mortgage debt; that he told Ferguson he demanded it for the plaintiffs, and that Ferguson knew that he (Cooper) was acting as their attorney. The demand, as made, was not sufficient. Mr. Cooper was employed to resist the claim of Terry, and to assert the title of Tutt, *not* to admit Terry's rights. His name did not appear on the execution as attorney. He had no right to make the demand, and was not employed to receive the

money; and Tutt was not a defendant in the execution. N. E. Sheriff, 179; 8 Greenleaf, 133.

3. The court erred in refusing to allow defendant Ferguson to testify as to whether he *received* any money on the sale made by him under the order of sale of May 24th, 1866, or whether he executed *a deed* of the premises so sold to the purchaser, and whether he had asked the court for his sale to be confirmed. 1 Burrill's Pr., 305; Cowp., 506; 1 Arch., Pr., 297; 2 Tidd's Pr., 1018.

The sheriff's return does not show the receipt of the money on the sale. He returns the property "sold," and the writ "satisfied," which he was obliged to do. He was a mere ministerial officer, to execute the commands contained in the writ of 24th May, 1866, to satisfy the judgment of Terry against Wheatley and Thatcher, and to pay the costs of action from the proceeds of the sale. The statute provided that if there then remained any surplus money in his hands from the sale, it should be paid to the *defendants in the execution*, on *demand* by them. He is not presumed to be cognizant of the order and decree of the court; he could not look beyond his writ and the statute. Allen on Sheriffs, 141; Comp. Laws, p. 201, § 57; 16 Wend., 562; 5 id., 170.

The return of the sheriff is conclusive as to the amount for which he sold the property, but not as to the receipt of the money until the purchaser had demanded a deed to the premises. The sheriff must make his return into court that the property has been sold, before his sale can be confirmed and an order that a deed of the premises be issued. The sheriff cannot maintain an action against the purchaser for the purchase money until he tenders him a deed. In this case it does not appear a deed has been tendered or demanded; and the sheriff should have been allowed to introduce evidence of the non-payment of the purchase money. The officer may explain his return by parol evidence. Allen on Sheriffs, 202; 3 Burch's Ky., 566; 2 Tidd's Pr., 1021; 19 Johns., 84; 10 Pick., 169.

If the plaintiffs rely on the sheriff's "return," the whole of the return must be taken, together with what the *statute* requires

him to do on the execution. They must prove that the sheriff received the money on the sale, and the return of the sheriff is the only evidence of that fact. They must admit what the sheriff is required by the statute to do with the money. The sale was confirmed upon the sheriff's return, without any order of the court as to what should be done with the overplus; and the sheriff only had the alternative of paying the surplus to the defendants in the execution, as required by statute, provided he had received the same. And no other disposition of the money could be made until directed by the court, after a return of the money into court, confirmation made, and deed ordered by special order. Comp. Laws, p. 201, § 457; Breese, 284; 5 Johns., 163.

*Cooper & Hadley*, for defendants in error:

1. The district court had jurisdiction and power to make the decree, and to confirm the sheriff's proceedings. They have done so, and all parties and privies are concluded by such action so long as those proceedings are unreversed; and no one can attack that judgment or proceedings collaterally. The sheriff is party to the proceedings as well as privy. 1 Swift's Dig., 752; 2 Burr., 66; 2 Kas., 160; 3 Ohio, 187; 9 id., 19.

When the sheriff has so far executed a decree as by a sale of the property to obtain the money, he cannot be permitted to set up the illegality of the decree to excuse him from paying the money to the creditor. 2 Kas., 160; 17 Ohio, 409. In this case the sheriff places himself on the ground that he had a right to collect the money, and now has a right to retain it. It is not refunded to the purchaser, nor to the defendants in the decree; it is simply a refusal to pay over the money.

2. The exceptions show that the record of the decree, order of sale, officer's return, and confirmation, were objected to because the same were irrelevant, illegal, and incompetent evidence. These documents were used to show the right of defendants in error to the surplus fund, and to prove the sale in obedience to the decree; and certainly they are the only legitimate evidence of these facts.

If the decree exists as alleged, and the sale was made under it, the defendants in error are entitled to the money; and any defect in the proceedings the sheriff must take care of, as they are his own acts, with which the defendants in error have nothing to do. But the exceptions do not show that any particular defects in the record or proceedings were passed upon by the court below. The objection is to the whole record, and such objection is not good.

Any irregularities in the proceedings do not affect the facts necessary for the plaintiffs to prove, in order to a recovery. The record shows the money in the sheriff's hands, and that the defendants in error (plaintiffs below) are entitled to it.

3. The evidence shows a sufficient search for the original order of sale to authorize secondary evidence of the indorsement or return thereon made by the sheriff; and there was no error in receiving the testimony of Cooper.

The opinion of the court was delivered by

VALENTINE, J.: This was an action on the official bond of P. S. Ferguson, late sheriff of Wyandotte county. James A. Cruise, John E. Zeits, and Isaiah Walker were the sureties of Ferguson. The plaintiffs below, (defendants in error,) allege in their petition in the court below among other things as follows: "On the 2d of October, 1865, a decree of foreclosure of a mortgage was rendered in the district court of Wyandotte county in an action wherein Michael Dively, Edward Terry and others, were plaintiffs, and Wilkins T. Wheatley, and these plaintiffs and others, were defendants. Said decree among other things ordered that the undivided half of lot five in block six, in Wyandotte City be sold, and the proceeds be applied, first, in payment of the costs, second in payment of the claim of Edmund Terry, amounting to $2,317.90 and interest at the rate of seven per cent. per annum, and third that the remainder, if any, should be paid to the plaintiffs in this action. Afterwards an order of sale was issued, and the said Ferguson, as sheriff, collected thereon $125.73. Afterwards another order of sale was issued, and

the said sheriff under said order sold said lot for $4,500, making a total that he collected on said orders of sale $4,625.73. That of this sum it would require $2,509.67 to pay the costs and to pay Terry, and that the remainder, to-wit, $2,116.06, should have been paid to these plaintiffs; yet the said sheriff refused so to do." A trial was had before a jury. The verdict was for the plaintiffs for $2,500. The plaintiffs remitted $150, and judgment was rendered accordingly for the plaintiffs for $2,350, and costs. The defendants now seek to reverse said judgment.

I. The first action of the court complained of is, that the court erred in receiving a copy of the sheriff's bond in evidence, and permitting it to go to the jury. Such evidence was of course unnecessary, because there was no issue upon which it could be introduced; but we cannot see that it prejudiced the defendants' substantial rights. The plaintiffs founded their action upon said bond, alleging its execution, and setting it out in full. The defendants did not put the existence of the same in issue by denying its execution by a pleading *verified by affidavit.* (Comp. Laws, 235, ch. 30, § 1; Code of 1868, § 108.) The copy of the bond introduced in evidence was an exact copy of the bond pleaded in the plaintiffs' petition, and therefore the copy introduced in evidence could prove nothing more than had already been admitted by the pleadings. Admitting then, that the evidence was unnecessary and therefore erroneous, or admitting that the preliminary evidence of the execution of the bond, or of the genuineness of the copy introduced in evidence, was not sufficient, and therefore that there was error, still the error was not substantial.

*1. Pleadings; execution of written instruments.*

II. It is claimed that the testimony of Jesse Cooper stating that on the first order of sale " there was indorsed in the handwriting of the defendant Ferguson his receipt of $125 as received from defendant Chrysler on the —— day of ——," was incompetent and illegal. There are several answers to this objection: First, the record does not show that there was any *amount* testified to.

*2. Sheriff's return; proof of lost record.*

Second, if there was any amount stated it was probably $125.73, and the plaintiffs remitted from their judgment more than enough to cover this amount. Third, if there had been an amount stated the evidence would have been competent in either of two different aspects: 1st, it tended to prove the contents of a lost *record*, (for a sheriff's return on an order of sale showing that he had collected money thereon is a part of the record of the proceeding, and it had already been shown that the instrument was lost,) which record tended to show liability on the part of the sheriff; and 2d, it tended to prove the contents of a lost written *admission* of the defendant Ferguson, without regard to whether said written admission was a *record*, or not.

III. It is also claimed that the other evidence of Jesse Cooper as follows was incompetent: " On the next day after the confirmation of the sale, namely, Nov. 2d, 1866, he for the plaintiffs demanded of the defendant Ferguson the overplus proceeds of the sale after paying the mortgage debt; that he told Ferguson he demanded it for the plaintiffs, and Ferguson knew he was acting as their attorney." If a demand was necessary, or if it was necessary under the pleadings to prove a demand, then this was certainly competent evidence. A person may make a demand as well through an agent as by himself. The plaintiffs in this action were defendants in said foreclosure case. Said Cooper was their attorney of record. The decree of the court in said foreclosure case showed these facts. A copy of this decree accompanied and constituted the body and substance of the order of sale issued by the clerk to the sheriff, January 5th, 1866. Under this order of sale the sheriff levied upon said lot, had it appraised, advertised it for sale, and struck it off to one Moses M. Broadwell, but as Broadwell did not immediately pay the purchase money the sheriff made return of no sale, as follows—" But said M. M. Broadwell having failed to pay the purchase money aforesaid, said property is not sold for want of buyers." On the 24th of May, the clerk issued an *alias* order of sale referring especially to the former order, and the

24—8TH KAS.

decree of the court, and under this order the sheriff without having the property again appraised, advertised the same and sold it to A. B. Bartlett for the sum of $4,500, and this sale was, on the first day of November, 1866, confirmed by the court. Now, notwithstanding the foregoing facts, the counsel for plaintiffs in error, in his argument on this point, and as his main argument thereon, states in his brief that "his (Cooper's) name did not appear on the execution as attorney," and that "Tutt was not a defendant in the execution."

IV. "The court" did *not* "err in refusing to allow the defendant Ferguson to testify as to whether he received any money on the sale made by him under the order of sale of May 24th, 1866, or whether he executed a deed of the premises so sold to the purchaser, and whether he had asked the court for his sale to be confirmed." After a sale of real estate has been made by a sheriff on execution or order of sale, and the sale confirmed by the court, the sheriff cannot be allowed to show that he has not received the purchase money on said sale. It is his duty to receive it when he makes the sale. He then holds it until the sale is confirmed by the court, and *then*, without waiting, he pays it over to the persons entitled thereto. He has no right to wait, as is claimed by counsel for Ferguson and his sureties, until a deed is *due*, (two years, as the law then was—Comp. Laws, 1862, p. 769, ch. 171, §§ 1, 3, 4,) or until a deed is *demanded* by the purchaser, as the law now is, or until a deed shall be actually executed. Immediately upon the confirmation of the sale it is his duty to pay "the purchase money in his hands" "to the person entitled thereto." (Civil code of 1862, § 449; code of 1868, § 458.) In this case the sheriff was bound under the order of sale issued to him when the sale was confirmed first to pay the costs, second to pay said Edmund Terry $2,317.90 and interest, and third to pay the plaintiffs in this case (defendants in that case) the balance. It does not belong exclusively to the sheriff, as seems to be supposed by counsel for plaintiffs in error, to determine when his sale shall be confirmed. The sale may be confirmed at any time

*4. Sheriff to pay over money without delay.*

*5. Confirmation of sale.*

after the sheriff has made his return, and on motion of any person interested therein, or on the court's own motion, and with or without the consent of the sheriff. (Code of 1862, § 449; Code, 1868, § 458.) The same questions which we have already considered are again raised on the instructions, but it is not necessary to consider them further. There may be a few other questions attempted to be raised which we do not think are of sufficient importance to be considered in detail. Upon the pleadings, the evidence, and verdict, we think the judgment was correct. And it makes no difference that there was no reply to the defendants' answer. We have not discovered anything in the answer that required a reply. If the last nine supposed defenses contained in the defendants' answer had been stricken therefrom the answer would have been just as good as it was with them. The plaintiffs alleged certain facts constituting their cause of action. Now if these facts were true, what was there in any of these nine supposed defenses that would have defeated the plaintiffs' cause of action? Counsel for plaintiffs in error have not pointed anything out that would; and, if they only raised the question of the truth of the allegations set forth in the petition, then they did not require a reply. Even the general denial, the first defense stated in the answer, was worth nothing so far as it attempted to put in issue the execution of any written instrument set forth in the petition, as said defense was not verified.

*6. When reply not necessary.*

The court in the said foreclosure case may have committed some errors, but the sheriff had no right in this proceeding to complain of them. As a rule, none but the parties to an action can·complain of any errors of the court. It is certain that the court committed an error in confirming said sale; and while we think that, if the order of confirmation had been vacated or the sale set aside at any time before the sheriff had paid over the proceeds o ⸱ e sale to the persons entitled by the decree of the courᴛ receive the same, it would have relieved the sheriff from pa͟y ing over the same, yet while said confirmation remains in

*7. Regularity of sale not to be questioned by sheriff.*

force the sheriff is bound to recognize the confirmation as valid, and the sale as valid; and neither he nor his sureties have any right to attack either when sued for the purchase money, as in this case. They can raise no questions of mere irregularity in any of the prior proceedings. The judgment of the court below is affirmed.

KINGMAN, C. J., concurring.

BREWER, J., did not sit in the case.