Thompson v. Building Association.

Wm. Thompson, *et al.*, v. The St. Joseph & Kansas | 23 209 | Loan and Building Association. | 41 328 |

Tender; *Estoppel; Error; Practice.* Plaintiffs sued defendant, alleging tender of full amount due on a certain mortgage, and asking cancellation. Defendant answered, claiming that more was due, and praying foreclosure. The district court decided in favor of plaintiffs, found that the tender had been made, that plaintiffs "have now brought the money into court," and adjudged that the defendant receive the money, and cancel the mortgage. The defendant brought the case to this court, and the judgment was affirmed. Thereupon defendant called for its money, and the clerk replied that he had never received it, and that the finding was not true. Upon this, defendant, without making any effort to enforce payment from the clerk, moved to amend the judgment so as to decree a foreclosure, and the motion was sustained. *Held,* error; that the clerk entering a judgment on the journal, which recites the receipt by him of money, is estopped by such recital to deny the fact, at least as against the party to whom the money is adjudged, and that proceedings should be taken to enforce payment from him and his sureties before any modification of the judgment is permitted.

### *Error from Marshall District Court.*

At the December Term, 1878, of the district court, the court sustained the motion of the *St. Joseph & Kansas Loan and Building Association* to amend a certain judgment for *Wm. Thompson* and wife, and against said association, so as to decree the foreclosure of a mortgage given by the former to the latter. *Thompson* and wife bring the case to this court. The facts sufficiently appear in the opinion.

*Nathan Price,* for plaintiffs in error.

*W. W. Guthrie,* for defendant in error.

The opinion of the court was delivered by

Brewer, J.: This case has been once before to this court, and the judgment then rendered in the district court was affirmed. (*Building Association v. Thompson,* 19 Kas. 321.) The action was one brought by Thompson and wife to compel the defendant to cancel and deliver up a certain mortgage

14—23 kas.

executed by them to the defendant. The plaintiffs claimed that only a certain amount was due, and tendered that amount. The defendant, claiming a large amount, answered, and asked a decree of foreclosure therefor. The ruling of the district court was in favor of the plaintiffs. One of the findings was, that "on the 15th of April, 1875, and before the commencement of this suit, plaintiffs tendered to defendant $242, as alleged in plaintiffs' petition, in full satisfaction of said note and mortgage, and *have now brought the same into court.*" And the conclusion was "that defendant be adjudged to receive the sum of $242 in full satisfaction of the said note and mortgage; that the note and mortgage be canceled of record, and that defendant be adjudged to pay the costs of this action." After the affirmance of that judgment by this court, the defendant's attorney demanded the $242 of the clerk, who replied that he had never received it. A motion was then made to correct the judgment so as to decree a foreclosure, unless plaintiffs paid said sum. This motion was sustained, and this presents the error complained of.

We think the district court erred, and that the ruling must be reversed. The simple fact is shown that the clerk did not receive the money; yet he entered a finding showing that he had received it. The time for him to speak was then. If true, he is concluded by it; if false, he should never have entered it. A clerk who records the statement of a fact concerning his own action is concluded by such statement, just exactly as a sheriff who reports a sale is concluded by such report. And the latter cannot thereafter say that he did not, in fact, make the sale or receive any money thereon, (*Ferguson v. Tutt*, 8 Kas. 370); at least, not as against the party to whom the money is due. Public policy requires that this rule be insisted on with rigor, and that no officer be permitted to report having done or received anything, and thereafter deny the fact as against the party entitled to the benefit of the act done, or to receive that reported to have been received. In no other way can the due and correct administration of the law be upheld. The case at bar is an apt

illustration.  Here, but for the act of the clerk, a decree of foreclosure would have been entered; in consequence of it, there was a different judgment.  It would be trifling to permit him now to say, simply, " I did not receive the money," and thus avoid liability.  It may be that the plaintiffs are in equal wrong, and that in case payment cannot be enforced out of the clerk, or his sureties, they may ultimately be held liable.  But public policy requires that, as a rule, the remedy should first be sought against the delinquent officer and his sureties; if he fail to pay on demand, let him be amerced, and then let proceedings be had against his sureties.  If those proceedings fail to bring the money, it will be time enough then to consider the question of amending the decree.

The order of the district court will be reversed, and the case remanded with instructions to proceed further in accordance with the views herein expressed.

HORTON, C. J., concurring.

VALENTINE, J., dissenting: I cannot concur with my brethren in the decision of this case.  Both the plaintiffs below and the clerk committed a wrong against the defendant by representing that certain money had been brought into court, when in fact it had not been brought into court; and, in my opinion, the defendant has a right to proceed against either of the wrong-doers at its option.  The defendant has committed no wrong, and why the defendant should be postponed in its action against one of the wrong-doers until it has exhausted its remedy against the other, I cannot understand.  It seems to me that the defendant should have the right to proceed first against the plaintiffs, the principal wrong-doers, if it chooses to do so.