RICHARD D. LENDER *et al. v.* JOHN CALDWELL.

*Error from Bourbon County.*

If the record shows the final judgment to be erroneous, it is reviewable in Supreme Court, without exception. Koehler *v.* Ball [2 Kans., 160] to the same effect, affirmed.

The act of Feb. 11th, '59, [Comp. L., 722,] prohibits any "court from taxing more than two dollars as an attorney's fee, in any case, for foreclosure of any mortgage or trust deed, or for collection of the same." It was error in the court below to allow an attorney's fee of $40. A contract in derogation of this statute cannot be enforced.

The right of redemption extends to all cases where real estate is sold under execution, order of sale, or other final process, [Comp. L., 769-70,] but any person may, in the execution of any evidence of indebtedness, or

security, "waive the benefits of the *provisions*" of this act, in writing. [L. '67, 188.]

Where a mortgage, without waiver, is signed by husband and wife, and the note signed by the husband alone, "thereby waiving the right of redemption," being the only expression of waiver, *held*, that he did not bring himself within the provisions of the act of Feb. 26th, 1867, and that a decree on such a note and mortgage, freeing and clearing the mortgaged premises "from any right of redemption, under the law in that behalf provided," is erroneous. Any person seeking to deprive another of the right to redeem common to all, must bring himself unmistakably within the provisions of the law regulating the proceeding.

Whatever interest the wife had in the premises was pledged for the payment of the debt. That was the extent of her obligation.

*Query:* Does the act of 1867 [L. '67, p. 188], necessarily waive the right of any person other than the one making such waiver? Undetermined.

The facts of the case are fully set forth in the opinion of the court, hereto appended.

*W. C. Webb*, for plaintiffs in error.

*Voss* and *Danford*, for defendant in error.

*Webb* submitted :

1. The allowance of $40 attorney's fees is not only unauthorized, but it is expressly prohibited by statute. "No court shall tax over two dollars as attorney's fees, in any case, for foreclosure of any mortgage, or trust deed, or for collection of the same." (*Comp. L.,* *p.* 722, *ch.* 149, § 3.) *a.* If it is said that the mortgage contained a clause authorizing "a reasonable attorney's fee for foreclosure," the answer is—1. The record does not show any such thing ; and, 2. The statute is negative and prohibitory, and contracts in derogation thereof are void.

2. The judgment further provides, "that unless said

defendants pay said sum, and the costs, an order of sale issue for the sale of the lands and tenements set forth in the petition, same to be sold as upon execution, and freed and discharged from any right of redemption under the statute, in that behalf provided." *a.* The petition shows, by its recital of the mortgage, that Lender and Lender are husband and wife; that the mortgage was given by both, to secure a note made by Richard D. Lender only. The terms of the mortgage are recited in the petition, and it does not appear that the "mortgage" contained any clause waiving, or attempting to waive, the right of redemption given by sec. 2 of ch. 171, of Comp. L., (*p.* 770.) It is clear, therefore, that the judgment is erroneous, as to Mary Lender. Her right to redeem, as to her moiety, cannot be taken away except by her consent. That consent is not given by the "mortgage," nor recited in the mortgage as part of the "note." The petition does not allege any "waiver," nor does it demand any such decree. The petition "must contain a demand of the relief to which the party supposes himself entitled." (*Civ. Code,* § 94.) A party is not entitled to a judgment which he has not demanded in his petition, in any case where defendant makes default. *Hurd* v. *Leavenworth,* 1 *Code R.,* *N. S.,* 278 ; *Commercial Bank* v. *White,* 3 *How. Pr. R.,* 292 ; *Nash's Pl.,* 53, 54.

3. In this state, married women are protected in the absolute right to dispose of and control their own property. The husband, as such, cannot control her property, nor will his deed, without her signature, pass any title to her lands. (*Comp. L.,* 697, §§ 1, 17.) *a.* There is nothing in the record showing the mortgaged premises to be the property of the husband. *b.* In this state the wife has something more than an

*inchoate* right of dower in her husband's lands. It was the evident intention of the people, and of the legislature, to vest in the wife a present right in the real property of the husband. A careful examination of ch. 80, Comp. L., §§ 5, 15, 18; ch. 83, §§ 1, 6; and ch. 141, §§ 7, 8, will show that the wife has what Blackstone (2d, 129) calls a "conditional estate," in all the lands of her husband to which she has not voluntarily relinquished her right. *c.* The "right of redemption" is akin to the constitutional right of homestead exemption. By the positive requirements of the statute, all mortgages and trust deeds shall be foreclosed by action (*Comp. L.*, 722); and "a sale of the mortgaged property shall in all cases be ordered;" (*Code*, § 384.) These two acts were passed contemporaneously with the constitution; and shortly after that instrument went into operation, the legislature enacted ch. 171, of Comp. L., p. 769, providing for the "redemption" of all real property sold at judicial sale. *d.* Before the wife's property can be taken and sold, and "right of redemption" foreclosed by judgment, it must affirmatively appear that the wife has given her full and free consent. *Phelps* v. *Rooney*, 9 *Wis.*, 70, 80, 83; *Spencer* v. *Freedendall*, 15 *Wis.*, 668.

4. Chapter 110, laws of 1867, is not valid for any purpose. *a.* Section 16 of article 2 of the constitution requires that every amendatory act "shall contain the entire section or sections amended." Section 1 of this chapter is in strict compliance with this provision. In order to sustain the judgment in this case, it must be held that the "section 1" therein recited "entire," becomes section 1 of said act of June 4, 1861; and this is not so, unless such enactment *ipso facto* repeals and supersedes the original "section 1." *State* v. *In-*

*gersoll,* 17 *Wis.,* 631. *b.* Sec. 1 repealed, as well as supplied sec. 1 of chap. 171. Then sec. 1 of chap. 110 thereby became, and was, "section 1" of said chap. 171. Then when the legislature, by "section 2" of chap. 110, repealed sec. 1 of chap. 171, it repealed said section as amended. The act of 1867, therefore, is a nullity, and cannot support any judgment foreclosing the right of redemption.

5. But admitting chapter 110, laws of 1867, to be a valid act, was there such a waiver in this case as binds either of the plaintiffs in error? The "note" is made by Richard D. Lender only, and is in ordinary form, except that at the end thereof is added these words: "hereby waiving the right of redemption." *a.* What "right of redemption?" No particular right is referred to—no law giving any right to redeem is mentioned. *b.* Does sec. 1, of chap. 110, laws of 1867, become sec. 1, of chap. 171, Comp. Laws? If so, then the words "this act," in the proviso, must be strictly construed, and the "waiver," to be good, must in words expressly "waive the right of redemption given by the act entitled 'an act to provide for the redemption of real estate sold under execution, order of sale, or other final process,' approved June 4, 1861." A waiver in a promissory note, in the following words: "hereby waiving the benefit of all and every exemption of property from sale on execution under the laws of this state," was held to be void. (*Crawford* v. *Lockwood,* 9 *How. Pr. R.,* 547.) *c.* If sec. 1 of said chap. 110 does not become sec. 1 of chap. 171 of Comp. Laws, then the proviso therein becomes a nullity, because "this act," to wit, chap. 110, Laws of 1867, does not give any rights and remedies.

*d.* The words "hereby waiving," are *in presenti,* and

to be obligatory must designate with certainty the particular property with respect to which they are used. A properly worded waiver in a mortgage might be obligatory, but a general waiver in a note, to be made operative in future, by means of judgment, is void. A waiver is not a contract. It is analogous to a gift; and so long as it is executory only, it may be retracted. *Crawford* v. *Lockwood*, 9 *How. Pr. R.*, 547.

6. The growing practice, inaugurated and followed by the Shylocks of the country, of extorting from helpless debtors a "waiver" of the benefits of the exemption and redemption laws, ought to be arrested. It is the duty of the court to declare them void, as being against public policy. The courts of several of our sister states have done so, in terms emphatic, and for reasons most cogent. (*Harper* v. *Leal*, 10 *How. Pr. R.*, 280–285; *Maxwell* v. *Reed*, 7 *Wis. R.*, 582, 590.) In cases just cited, the "waivers" are set out at length, and are much more explicit and certain than the waiver in this case. *Drewry* v. *White*, 2 *Colwell*, 285; *Nettle* v. *Newcomb*, 22 *N. Y.*, 249; *Becker* v. *Becker*, 47 *Barb.*, *p.* 497.

*Voss* and *Danford*, for defendant, submitted:

The statute of 1867 expressly authorized parties executing any evidence of indebtedness, or security for any indebtedness, to waive the benefits of the provisions of this act, &c. The language is clear, plain, comprehensive and unambiguous.

The mortgage is not before this court, but the judgment of foreclosure is, and it tells us that the cause was heard upon the pleadings and proofs in the case.

This shows the mortgage was offered in evidence, or that it was lost, and proof of the facts made.

At least, the fact from the record appears, that the case was not only heard upon the pleadings, but was heard also upon "proofs."

It is urged that Mary Lender did not waive her right of redemption, and that hence the judgment is wrong. How is this court to know that? The mortgage is simply evidence, and the evidence is no part of this record. The court below heard proof, and after being fully advised, did find, both as conclusion of law and fact, that she was barred of her equity of redemption.

For the Supreme Court to say that proof was not offered in the court below, showing facts to authorize this judgment, when the evidence is before this court, would be to charge the court below with bad faith.

There having been proof heard below, and this court, being unable to know what that proof was, will presume the court below was authorized by the proof, to give the judgment it did.

There can be but one possible question raised on this record, and that is: Under the pleadings, could the judgment be rendered that is rendered, if the proof fully authorized it?

And to this question there can be but one answer, viz: That if the proof was sufficient, the judgment is right, and cannot now be questioned.

The statute allowing $2 fee for foreclosing a mortgage, only allows that fee as a matter of course, and cannot be construed as being prohibitory. Parties can make their own contracts, and this statute does not in any manner interfere with them.

In this case there was due and sufficient legal service upon both of the defendants, personally, and in that

court no motion was made to set the service or judgment aside. The defendants below, before they can come to this court, must first seek to have the supposed error corrected below. This is a universal rule. *Walpole and another* v. *West's Adm'rs*, 18 *Ind. R.*, 81; *Harlan and wife* v. *Edwards's Adm'rs*, 13 *Ind.*, 430; *Blain* v. *Davis*, 9 *Ind. R.*, 238; *Hawk and wife et al.* v. *Banning & Bucknell*, 3 *Min. R.*, 67; *Golden* v. *Knickerbocker*, 2 *Cowan R.*, 31; 2 *Kans. R.*, 222; 2 *Kans. R.*, 411; 15 *Iowa R.*, 152; 2 *Iowa R.*, 30; *Drummond* v. *Carpenter*, 3 *Johns.*, 141; *Alexander* v. *Hayden*, 2 *Mo. R.*, 211.

*By the Court*, KINGMAN, C. J.

This was an action brought to foreclose a mortgage given to secure a promissory note, of which the following is a copy:

"FORT SCOTT, KANSAS, April 9th, 1867.

" Four months after date, I promise to pay to the order of John Caldwell, the sum of three hundred and eighty-three and thirty-four one-hundredths dollars, (but if paid at the expiration of three months, the amount to be $350.00,) negotiable and payable without defalcation or discount, with interest on $300.00, at the rate of ten per cent. per annum, from date, (the remainder to bear no interest,) hereby waiving the right of redemption.      R. D. LENDER."

The defendants, Lender and Lender, who were husband and wife, made default, and judgment was taken against them for $383.00, as principal, and $15.96 interest thereon, together with $40.00 attorney fee, making in the aggregate, the sum of $439.30; and for a sale of the mortgaged premises, "freed and dis-

charged from any right of redemption under the statute in that behalf provided." This judgment the plaintiffs in error now seek to reverse.

The defendant in error insists that this judgment cannot be reversed or acted upon in this court, until the questions are presented to the court below, and exceptions taken thereto. This exact question has been before this court, and settled, in the case of Koehler *v.* Ball (2 *Kas.*, 169), and was there held reviewable, without exceptions to the judgment taken in the court below. The decision in that case meets our entire approbation now; nor is it deemed essential to add to the reasoning on which it is based, except to call attention to § 540 of the code, which specifies certain causes which shall not be ground of error, until the same have been presented and acted upon in the court in which the error was made.

This, by a plain inference, leads to the conclusion that other causes may be ground of error without being first presented to the court where the same were made.

Holding that the case, as presented by the record, is reviewable in this court, we shall proceed to examine the alleged errors.

There was manifest error in allowing an attorney fee of $40. This is expressly prohibited by statute. "No court shall tax over two dollars as attorney's fees in any case for foreclosure of any mortgage, or trust deed, or for collection of the same." (*Comp. L.*, 722.) No language of ours can make this prohibition plainer than the statute itself. A contract between the parties, in derogation of this statute, cannot be enforced.

A much graver question that presents itself, is this: Had the court the right to give judgment, cutting off

the right of redemption? The petition shows that the plaintiffs in error are husband and wife; that the mortgage was given by both, to secure a note made by R. D. Lender, only. It does not appear that the mortgage contained any clause of waiver, nor is there any claim of the same, save as appears in the note annexed to the petition.

The plaintiff's counsel urged, with much ingenuity, that chap. 110, Laws of 1867, is a nullity. We think the intention of the legislature is plainly to be found in the law, and that it was not their purpose to repeal a law in the very act of enacting it. Holding, therefore, the law to be valid, the inquiry presents itself, has the defendant in error placed himself in a position to claim the benefit of the exception to the redemption as therein provided?

The right of redemption extends to all cases where real estate is sold under execution, order of sale or other final process. But any person may, in the execution of any evidence of indebtedness, or security for any indebtedness, waive the benefits of the provisions of this act.

Now, Mary Lender did not pretend to waive her right to redeem. Whatever interest she had in the mortgaged premises was pledged to the payment of the debt, and that was the extent of her obligation. No other or further right was in any way by her conveyed by the mortgage. What was her estate, does not appear. Whether she held the fee, or it was a homestead, or only her right as wife, in her husband's estate, is uncertain; nor is it important. Does the act of 1867 necessarily waive the right of any person other than the one making such waiver? The language will certainly bear that construction, for it declares that

" such waiver shall be deemed and held to be a full and complete waiver by all persons interested, of all the rights and remedies given by this act or against any such indebtedness." It is apparent that such a construction would, in many cases, work great hardship, by making parties incur much greater and graver responsibilities, by the operation of law, than they had intended by their contract. This case may be one of these. The wife may have signed the mortgage, relying on the right of redemption, and wholly unaware that the same was waived by another instrument to which she was no party, and which, in the mortgage which she signed, was only represented to be a note for the payment of money. If such was the intention of the legislature, it is a trap for the unwary. If such was not the intention, the language used was very unfelicitous. When the question is presented so as to impose on us the duty, we shall not hesitate to give it a construction. But we do not conceive it necessary in this case, for we do not think the defendant in error has brought himself within the exceptions of the act. "Thereby waiving the right of redemption," is all the stipulation in the note, while the law provides that the maker of any evidence of indebtedness must waive the provisions of this act in the writing.

It is asked: What other redemption could be meant, save that provided for in the law? We cannot say. The law extends a certain privilege to all the people of the state, but provides that that privilege may be waived in a certain way. The party seeking to deprive another of the privilege conferred by the act, on all persons, must be particular in bringing himself within its provisions. He must show unmistakably, that that

object is understood by the parties, and stipulated for in the bond.

We do not think that the defendant in error has taken the necessary steps to place his claim within the exceptions, and that the judgment in this respect, is erroneous. The case is therefore sent back to the district court, with directions to modify the judgment, by excluding the attorney's fee allowed, and not barring the right of redemption.

All the justices concurring.