MARY C. BEAUBIEN, *et al.*, v. CATHERINE HINDMAN.

ACTION in the district court of Wabaunsee county by *Catherine Hindman* against *Mary C. Beaubien* and four others, to establish and quiet her title to certain lands in that county. Trial by the court, and finding for the plaintiff. New trial denied, and judgment for the plaintiff, on December 23, 1884. The defendants bring the case to this court. The opinion contains a sufficient statement of the facts.

*Overmyer & Safford*, for plaintiffs in error.

*Stumbaugh & Gunn*, and *Case & Curtis*, for defendant in error.

*Per Curiam:* In this case, Catherine Hindman alleged that she was the equitable owner of and in the possession of the undivided five-eighths of the north half of the northwest quarter of section twenty-four, township eleven, range twelve, in Wabaunsee county; that in January, 1881, she employed John Campbell, as her agent, to purchase and procure for her a deed to the land from Eugene Bourassa, who was at that time the owner thereof; that she delivered to Campbell four hundred dollars, with which to make the purchase; that, in pursuance of his employment, Campbell purchased the land,

but on February 4, 1881, obtained a deed in his own name from Eugene Bourassa, in violation of his trust; that afterward, with her money he purchased a tax-sale certificate upon the property; that after his death a tax deed thereon was executed in his name; that the tax deed was recorded September 28, 1882; that, subsequently, Mary A. Murphy and Tryphena Whittaker, the heirs of John Campbell, executed and delivered to Mary C. Beaubien a deed of the premises; that all of the parties, at the time of these transactions, well knew that the plaintiff was the equitable owner of and in the exclusive possession of the land, and were well acquainted with her rights and equities therein. Plaintiff prayed that her title might be established to the property; that the defendants holding the legal title to the same might be declared trustees for her, and that her title to the land be quieted as against them. The case was submitted to the trial court without a jury. The court, after hearing the evidence and the arguments of counsel, found generally that Catharine Hindman was the equitable owner of the land in dispute, and granted the prayer of her petition. The defendants excepted, and bring the case here.

It is contended in their behalf that the finding and judgment of the court are clearly against the weight of the evidence, and for that reason that the judgment should be reversed. It has always been held by this court, that a finding of fact by the court is equivalent to a verdict by a jury; and further, that this court will not disturb the finding if there is sufficient evidence to justify it; and this is the case, although the finding of the court be contrary to the judgment of the appellate court. (*Ruth v. Ford,* 9 Kas. 17; *Walker v. Eagle Mfg. Co.,* 8 id. 397; *K. P. Rly. Co. v. Kunkel,* 17 id. 145; *Beal v. Codding,* 32 id. 107.)

An examination of the whole record convinces us that there was sufficient evidence before the trial court to sustain its finding, and however much we may be dissatisfied with the conclusion of that court, we cannot reverse the finding or judgment.

Again, it is urged that the court committed error in not

granting partition, as prayed for in the supplemental answers. It is said that the supplemental answers were not replied to, and therefore that they were taken as confessed. The record does not give the dates of the filings of the various pleadings, but after all of the answers are set forth therein, the record shows the plaintiff below filed a reply to the answer of the defendants and also to the answer of the guardian *ad litem;* so it seems that a reply was filed after all of the answers. In any event, we do not think it clearly appears from the motion for a new trial that the question of partition was suggested to the court after its general finding had been made. Error is never presumed, but it must be affirmatively shown; and this court — where the pleadings support the judgment — will not review an alleged error of the trial court, if the attention of that court has not been called thereto. Therefore, the judgment of the district court will be affirmed.