The Union Pacific Railway Company v. William H. Estes.

1. Demurrer—*Ruling, When Reviewed.* A party who seeks to have the ruling of the district court on a demurrer to the petition, reviewed in this court, must elect to stand on the demurrer and at once bring the case to this court; or an answer may be filed, and when the case is tried, if it is tried on the original petition, and then brought here by the party demurring, the ruling on the demurrer will be passed on here.

2. Adverse Ruling, *When Not Reviewed.* If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to review the adverse ruling; he must await the result of the trial.

3. Petition—*Sufficiency, When Not Considered.* When a demurrer to a petition has been overruled, and the defendant answers, and the plaintiff is then permitted to amend the petition, and to this amended petition the defendant answers, and after a trial is had on the amended pleadings the defendant brings the case here for review, this court will not consider the sufficiency of the original petition.

*Error from Wyandotte District Court.*

THE opinion states the case.

*J. P. Usher,* for plaintiff in error.

*John A. Hale,* and *J. O. Fife,* for defendant in error.

Opinion by SIMPSON, C.: The only question to be determined in this case is one of practice. The action was commenced by filing the petition in the district court of Wyandotte county, on the 2d day of February, 1885. On the 2d day of March the plaintiff in error (defendant below) filed a demurrer. The decision of the court overruling the demurrer was entered on the journal on the 29th day of April, 1885, "and the defendant allowed thirty days to answer." The petition in error, to reverse the ruling of the court below on the demurrer, was filed in this court on the 10th day of June, 1885. On the 17th day of May, 1885, the railway company filed an answer and the cause stood at issue until the April term, 1886, when the plaintiff amended his petition and a trial was had, which resulted in the disagreement of the jury. Thereupon, the plaintiff took leave to amend his petition, and on the 20th day of May, 1886, filed an amended petition, and on the 1st day of June thereafter the railway company filed its answer to this amended petition. A trial was had on the amended pleadings at the July term, 1886, resulting in a verdict and judgment for the plaintiff, and the railway company brings the case here for review; so that at this time the case is here on a petition in error to review the ruling on the demurrer, and another petition in error is filed to review the proceedings on the trial.

A party who seeks to have the ruling of the district court on a demurrer to the petition, reviewed in this court, must elect to stand on the demurrer and at once bring the case to this court; or, an answer may be filed, and when the case is finally tried, if it is tried on the original petition, and then brought to this court by the party demurring, the ruling on

the demurrer will be passed on here. If, after an adverse ruling on a demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in this court to reverse the adverse ruling; he must await the result of the final trial. When a demurrer to the petition has been overruled and the defendant answers, and the plaintiff then is permitted by the court to amend the petition, and to this amended petition the defendant answers, and after a trial is had on the amended pleadings the defendant brings the case here for review, this court will not consider the sufficiency of the original petition. (*Moore v. Wade*, 8 Kas. 380; *Briggs v. Tye*, 16 id. 285; *Rosa v. M. K. & T. Rly. Co.*, 18 id. 124; *Gilchrist v. Schmidling*, 12 id. 263.)

It is recommended that the petition in error be dismissed.

By the Court: It is so ordered.

All the Justices concurring.