[No. 12554. In Bank. — May 27, 1889.]

A. C. HANSON, RESPONDENT, *v.* JOHN FRICKER, APPELLANT.

RESULTING TRUST — RETAINING TITLE AS SECURITY — PLEADING. — In an action to enforce a resulting trust in an undivided interest in a mining claim, where it is alleged and found that the title was taken in the name of the defendant, and that the plaintiff furnished the whole of the purchase-money, the defendant cannot contend on appeal that the evidence shows that he paid a larger sum than that alleged, and has a right to retain the title until he receives the balance of the purchase price advanced by him, if such defense was not set up in the answer.

APPEAL from a judgment of the Superior Court of
Butte County, and from an order denying a new trial.

The facts are stated in the opinion.

*C. R. Bonestell*, for Appellant.

*Hundley & Gale*, for Respondent.

BELCHER, C. C.—This action was brought to establish
a resulting trust.   The property in controversy is a
quarter-interest in a mining claim situate in Butte
County.   The complaint alleges that defendant pur-
chased the interest for the sum of five hundred dollars,
and took a deed therefor in his own name, but that in
doing so he acted for and as the agent of plaintiff, and
that plaintiff paid the purchase-money.   The court found
all the facts to be as alleged in the complaint, and ren-
dered judgment accordingly.   The defendant moved for
a new trial, and has appealed from the judgment and
order denying his motion.

The principal question presented for decision by ap-
pellant relates to the finding as to the amount and pay-
ment of the purchase-money.   The contention is, that
appellant paid for the property fifteen hundred dollars,
and not five hundred dollars, as found by the court, and
had therefore a right to retain the title until he received
from plaintiff the balance of the purchase price.

But no such defense was set up, or even hinted at, in
the answer.   It cannot, therefore, be raised here for the
first time.   The case was properly tried upon the issues
presented by the pleadings, and upon all of those issues
there was ample evidence to justify the findings.

It is further contended that the finding that defendant,
shortly before the commencement of this suit, repudiated
the understanding between the plaintiff and himself, and

denied plaintiff's ownership of the one-fourth interest purchased by him for plaintiff, and refused to give plaintiff a deed thereof, was not justified by the evidence. It is said that "the most rigorous examination of the evidence discloses nothing tending to support this finding." The answer to this position is, that the facts found were distinctly and clearly averred in the complaint, and were not denied by defendant in his answer. They were, therefore, admitted, and no evidence in support of them was necessary.

No other points are made, and it follows that the judgment and order appealed from should be affirmed.

FOOTE, C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.