HARRIET H. WOOD v. MALCOLM NICOLSON.

43 461
54 731;
43 461
58 561

1. PETITION, *Fatally Defective — Erroneous Judgment — Review.* Where the district court renders judgment upon a petition that is fatally defective, and the defendant files no answer and makes no appearance, the judgment may be corrected by proceedings in error in the supreme court.

2. SERVICE BY PUBLICATION — *Petition, Amended — New Service.* Where service is made by publication upon a defendant in a civil action, and the defendant is in default, the plaintiff cannot in his absence and without notice amend the petition which is fatally defective, so as to cure the defect by stating a cause of action, and then without new service or other notice and in the absence of the defendant, obtain a judgment against the defendant upon the new or amended petition.

3. TITLE, *Quieting; Possession.* Before an action to quiet title to real estate can be maintained, the plaintiff must have either the actual possession thereof, or the legal title.

4. TAX DEED, *Void on Face.* Where the granting clause of a tax deed does not describe or convey any property, the deed is not in substantial compliance with the statute, and is therefore void upon its face.

*Error from Wabaunsee District Court.*

ACTION to quiet title. Judgment for plaintiff *Nicolson*, at the October term, 1887. The defendant *Wood* brings the case to this court. The opinion states the material facts.

*T. N. Sedgwick,* for plaintiff in error.

*Malcolm Nicolson,* defendant in error, for himself.

The opinion of the court was delivered by

HORTON, C. J.: On the 19th day of August, 1887, Malcolm Nicolson procured from the county clerk of Wabaunsee county the assignment of three tax certificates held by the county. One of the certificates covered the northeast quarter of section 31, township 13, range 10; one the northwest quarter of section 32, township 12, range 10; and one the southeast quarter of section 32, township 12, range 10. These certificates were for the sale of 1873 for the tax of 1872. Nicolson took out a tax deed to the land described, based upon the tax certificates, the consideration for the deed being $145.65. He commenced this action to quiet title against Harriet H. Wood, on September 7, 1887. The service obtained was by publication, and by the terms of the publication notice the defendant was required to answer the petition on or before October 28, 1887. On the 27th day of October, 1887, Nicolson obtained leave to file a supplemental or amended petition to his original petition. On the 29th day of October, 1887, he took judgment quieting his title. Harriet H. Wood brings the case here, and alleges that the petition did not state facts sufficient to constitute a cause of action against her; therefore, that the judgment rendered is erroneous.

Any material error apparent in the final judgment of a district court may be corrected by proceedings in error in this court, although no exception was taken by the party complaining, and no appearance by him at the trial and judgment, and no motion made to set aside the judgment. (*Koehler v.*

*Ball,* 2 Kas. 160; *Lender v. Caldwell,* 4 id. 339.) It seems
to be conceded that the original petition was fatally defective.
The amendment was intended to cure the defect, but as the
defendant was served by publication only, and had never ap-
peared or answered in the case, and was not present at the
time the amendment was asked for, allowed or filed, the action
of the trial court in permitting an amendment so material to
the petition to be filed and in rendering judgment thereon,
in the absence of the defendant, was error. (*Haight v. Schuck,*
6 Kas. 192; *Alvey v. Wilson,* 9 id. 401; *Gulf Rld. Co. v. Van
Riper,* 19 id. 317.)   .     .

The petition alleges that the lands described are "wild,
open, uncultivated and unoccupied," and sets forth that the
plaintiff's title is based upon a tax deed, referred to and made
a part of the petition as "Exhibit A." The granting clause
of the deed is as follows:

"Now therefore, I, G. W. French, county clerk of the
county aforesaid, for and in consideration of the sum of
$145.65, taxes, costs and interest due on said land for the year
1872, to the treasurer paid as aforesaid, and by virtue of the
statute in such case made and provided, have granted, bar-
gained and sold, and by these presents do grant, bargain and
sell unto the said Malcolm Nicolson, his heirs and assigns
forever, subject, however, to all the rights of redemption pro-
vided by law."

The statutory form of a tax deed has not been followed,
nor is the deed in substantial compliance with the statute.
(Gen. Stat. 1889, ch. 107, § 138.) In the granting clause of
the deed, there is nothing sold or conveyed, no property de-
scribed. The deed is therefore void upon its face.

Before an action to quiet title can be maintained, the plain-
tiff must have either the actual possession or the legal title.
(*Eaton v. Giles,* 5 Kas. 24; *O'Brien v. Creitz,* 10 id. 202;
*Douglass v. Nuzum,* 16 id. 515.) The petition shows that
Nicolson did not have actual possession of the land, and as
the tax deed upon which his title is based is void, he has no
legal title. The purpose of the amendment, which was allowed
without notice and in the absence of the defendant, was to at-

tach to the petition a tax deed which had been issued after the commencement of the action and in this way to cure the defective tax-deed, originally attached to the petition.　There is, however, but one tax deed in the record, and this tax deed is the one referred to as fatally defective.　This tax deed was not issued until the 26th day of October, 1887, nearly two months after the action was commenced.　It is possible that there was some mistake in the preparation of the record, and that a valid tax deed was filed with the supplemental or amended petition, but the transcript purports to be a full and complete one, and only one tax deed is embraced therein— that is a void one.

On account of the errors referred to, we cannot sustain the judgment of the trial court.　The judgment must be reversed.

All the Justices concurring.