J. W. TURNER *et al.* v. THE STATE OF KANSAS, *on the relation of G. R. Stephenson, County Attorney of Woodson County.*

1. DEMURRER, *Overruled — No Exception — No Review.* Where the defendant demurs to the plaintiff's petition, and such demurrer is overruled and no exception taken, and afterward a trial is had and judgment rendered against the defendant, and the defendant brings the case to the supreme court, *held*, that the ruling of the district court on the demurrer will not be considered by the supreme court.

2. CASE, *Followed.* The case of *Hoopes v. Implement Co.*, just decided, with respect to alleged errors of the trial court in its findings upon the evidence, referred to and followed.

*Error from Woodson District Court.*

THE opinion states the case.

*W. H. Slavens,* for plaintiffs in error.

*J. H. Sticher,* county attorney, *D. D. Dickson,* and *Stephenson & Hogueland,* for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district court of Woodson county by the state of Kansas, on the relation of the county attorney, against J. W. Turner, as principal, and T. W. Wilson, J. B. Fry, I. S. Jones, M. Reedy, N. F. Follett, J. H. Bayer, A. Hamilton, and August Todman, as sureties on the official bond of J. W. Turner, former treasurer of said county, to recover $2,216.47, an amount alleged to be still due from Turner as treasurer and never paid over by him to his successor in office or accounted for in any manner. At the June term, 1889, a trial was had before the court without a jury, and the court found generally in favor of the plaintiff and against the defendants, and rendered judgment against them jointly and severally for the recovery of the sum of $2,026.40, the amount found due against the defendant, Turner, as county treasurer, and for costs of suit; and to reverse this judgment the defendants, as plaintiffs in error, bring the case to this court for review.

I. The first alleged error, as stated in the brief of the plaintiffs in error, is as follows: "The court erred in overruling the demurrers filed, for the reason that the petition shows an accounting and settlement between the county commissioners and J. W. Turner, the county treasurer, and no sufficient showing is made to justify going back of the settlement, particularly as against the other defendants (plaintiffs in error) who were his sureties." The petition is not fairly subject to the above objection, and the ruling of the court below upon the demurrers was correct; but whether it was correct or not, it cannot be considered by this court, for the reason that no exception was taken thereto or saved in any manner. (*Lott v. K. C. Ft. S. & G. Rld. Co.,* 42 Kas. 293.)

II. The next alleged error is stated in the brief of plain-

tiffs in error as follows: "The court erred in overruling the motion for a new trial, there being an error in the assessment of the amount of recovery." The real objection seems to be this: That the court below upon the evidence introduced on the trial found and assessed too great an amount as the amount of the plaintiff's recovery. Now we cannot say from the evidence that any such error was committed. Indeed, from the case brought to this court, it cannot be ascertained that we have all the evidence that was introduced on the trial in the court below. On the contrary, the case shows affirmatively that we do not have all such evidence, and therefore it is utterly impossible for us to say whether the court below erred or not in the assessment of the amount of the plaintiff's recovery, or whether it erred or not in making any other finding of fact upon the evidence. (See the case of *Hoopes v. Implement Co.*, just decided.)

It is our opinion that no material error was committed in the case, and therefore the judgment of the court below will be affirmed.

All the Justices concurring.