HON. JNO. L. M'ATEE,
HON. JOHN C. TARSNEY,
HON. BAYARD T. HAINER,
HON. BENJ. F. BURWELL,
} ASSOCIATE JUSTICES.

---

J. R. WALLACE, *et al.*, v. H. B. BULLEN, *et al.*

(Filed June 25, 1898.)

*Upon Petition for Re-hearing.*

*H. S. Cunningham, Attorney General,* and *T. H. Soward,* for petitioners.

*Horace Speed* and *H. A. Smith,* per contra.

Opinion of the court by

BURFORD, C. J.: This cause was decided by this court at the June term, 1896, this volume, page 17. At the same term a petition for rehearing was filed, but, owing, to an equal division in opinion of the judges qualified to consider the same, remained undisposed of until the present term, when said petition was allowed, and the cause re-argued and re-submitted. Subsequently to the rendition

of the original opinion herein, a change in the membership of the court having, in the meantime, occurred, on September 3, 1897, a majority of the court promulgated a decision in the case of *Gray v. Stiles*, this volume, page 455, involving the same question as this cause, and laid down a contrary doctrine, overruling the former decision in this case, and declared the law to be that the territorial board of equalization had no power in equalizing the assessments of the various counties of the Territory to increase the aggregate valuation as determined from the returns made to said board by the several county clerks, except such slight increase as might be incidental to such equalization.

After a careful consideration of the question involved in these conflicting opinions, each adopted by a majority of this court as constituted at the time such opinions were respectively rendered, and after an exhaustive examination of all the authorities cited in the former opinions and briefs of counsel, as well as the able and carefully considered opinion recently delivered by the supreme court of Utah, in *State ex rel. Cunningham, et al. v. Thomas, et al.*, 50 Pac. Rep. 615, involving the same question, we are clearly of the opinion that the law was not correctly stated in the case of *Gray v. Stiles*, and causes following same, and that the reasoning therein is unsound and the conclusions unsupported by the authorities relied upon.

We hold that the law was correctly stated in the former opinion in this cause, and the conclusion therein reached is hereby approved.

The question in controversy is clearly one of statutory power, and where the board is given the power to equal-

ize, and there is no limitation on the manner in which this power shall be executed, there is nothing in the meaning of the word *equalize* which supports the contention that the board must select an average valuation, and then add to the lower and take from the higher in order not to increase or diminish the aggregate. The word equalizes means to make equal to; to take a number of objects and select one of such number for the standard, and make all the others conform to it. And under the provisions of our statutes relating to the assessment and valuation of property for revenue purposes, and defining the powers of the several officers and boards, we hold that the territorial board of equalization, in exercising its powers to equalize the assessments of the various counties for purposes of taxation, may, from all the returns made from the various counties, determine which of such returns, in the judgment of the board, most nearly represents an assessment based upon the true cash value of the property in such county, and may adopt such return as the standard or basis for equalization, and may add to or deduct from all the remaining returns such per cent as will be required to cause the various other counties to conform to such standard or basis of assessed valuation, notwithstanding such action may result in increasing or diminishing the aggregate valuation as shown by the returns made by the several county clerks.

The case of *Gray v. Stiles*, and cases following same, are overruled, and the decision, judgment, and orders made and entered in this cause on the 17th day of July, 1896, are in all things affirmed.

All the other Justices concurring, except McAtee, J., who dissents.