THE TERRITORY OF OKLAHOMA, *ex rel.* W. R. TAYLOR, *County Attorney,* v. R. F. CAFFREY, *County Clerk.*

(Filed Feb. 11, 1899.)

1. MANDAMUS—*Return to Insufficient.* A return to an alternative writ of mandamus, requiring a county clerk to spread upon the tax rolls the increase of valuations for assessment ordered by the Territorial board of equalization, which return alleges a refusal to comply with such order for the reason that the Territorial board of equalization was not by . law authorized to make such increase, presents no defense; nor do the allegations in such return that such increase was made by said board for the illegal and corrupt purpose of increasing assessments, in order thereby to illegally create and produce a greater revenue, and for the purpose of permitting an increase of indebtedness in excess of the 4 per centum limited by the act of congress of July 30, 1886, present any defense (even if the county clerk was authorized to make such defense) where no facts are stated in the return from which such purposes might be deduced by the court. Where, in an answer or return, only conclusions of fact or law are pleaded, no defense is presented.

2. TAXATION—*Excessive Valuation—Remedy.* Where a board of equalization, in equalizing valuations for taxation, directs an· increase by a certain percentage upon the valuation of all the property in a county, and such increase raises the valuations of the property of individuals beyond its actual cash value, which individuals have a right of action to enjoin the collection of the tax levied upon such excess of valuation; but a county clerk cannot set up such right of action existing in such individuals as a defense to a proceeding in mandamus requiring him to spread upon the tax rolls of the county the increase of valuations as ordered by the board of equalization. Causes of action and of defense must be prosecuted by the real parties in interest, and a county clerk cannot set·up a .cause of action or defense belonging to others as a defense to a proceeding in mandamus, requiring him to perform a ministerial official duty.

3. TRIAL—*Rulings Must Be Excepted to—Error.* Rulings and orders of the trial court as applied to the evidence, those constituting errors of law occurring on the trial, and generally rulings upon the trial of the cause complained of, must be excepted to at the time, and preserved in the case-made, or be brought into the record by bill

—13

Territory of Oklahoma *ex rel.* Taylor, *Co. Atty.,* v. Caffrey, *Co. Clerk.*

of exceptions, to authorize this court to consider them. But exceptions are not necessary to enable this court to review and correct errors that are apparent upon the judgment roll or record proper. Where an error in a judgment appears on the face of the record proper, this court will consider and correct the same. although no exception was taken thereto in the trial court.

(Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before James R. Keaton, District Judge.*

*Harper S. Cunningham, Attorney General,* for plaintiff in error.

*Douglas & Douglas,* for defendant in error.

Proceedings in mandamus by the Territory of Oklahoma, on relation of W. R. Taylor, county attorney of Oklahoma county, against Richard F. Caffrey, county clerk of said county, to require said county clerk to spread upon the tax rolls of said county the increased valuation for assessment of the property returned for taxation in said county, as ordered by the territorial board of equalization for the year 1897. From a judgment denying a peremptory mandamus and dismissing the cause, plaintiff brings the case here by petition in error for review. Reversed.

Opinion of the court by

Tarsney, J.: To the alternative writ issued upon the petition in this cause the defendant answered, admitting all the facts stated in the petition and writ, but denying the authority of the territorial board of equalization, in equalizing valuations of property in the several counties for taxation, to increase the aggregate of valuations of all the property in the several counties over the aggregate of the valuations returned by the

several county clerks, and alleging that the 23 per cent.
increase ordered by said board of equalization in the
value of property returned by said Oklahoma county,
and ordered to be spread upon the tax rolls of said county,
was thereby illegal; that the valuation of property in
said county, as fixed by the assessors and local boards
of equalization, was up to the full value of all said
property of all kinds in said county; that the valuation
thereof so fixed was not less than the fair average
amount and valuation which the property so assessed
in said county bore to all the property in the other coun-
ties of the said Territory; that the increase provided
for the county of Oklahoma, under the order and action of
the territorial board of equalization, was 23 per cent.
upon the valuations returned by the county board of
equalization of said county; that the increase made and
ordered by the territorial board upon said property and
upon the property in the other counties in said Terri-
tory was arbitrarily and illegally made and ordered,
without any authority of law, and was not made for the
purpose of equalizing assessments of the various coun-
ties of said Territory, or for the purpose of correcting
any alleged errors therein, but was made and ordered
for illegal and corrupt purposes, viz. for the purpose
of increasing the assessments of the various counties,
in order thereby to illegally create and produce a greater
revenue, and to render nugatory the law limiting the
indebtedness of the Territory and of said Oklahoma
county to 4 per centum of the assessed valuation of
property therein, and that said increase was made with
the illegal object and purpose of enabling interested
parties and officials to create further territorial and

county indebtedness in substantial violation of said laws; that said increase is in excess of the actual value of the property assessed; that said defendant as county clerk of said county, on or about the 1st day of July, 1897, did receive a certificate from said territorial board that such increase had been made and ordered by said board; that said defendant, as county clerk, has refused and still refuses, to extend such increase upon the tax rolls of said county, to become a lien and incumbrance upon said property, and the taxes levied thereon, to be levied against said property, as would be done if said increase were extended on the tax rolls; that great and irreparable injury and damage to the inhabitants of the said county would be inflicted by said extension, incumbrance, and levy; and said defendant so refused because he was and is under no legal obligation to extend such increase on said tax rolls.

To this answer or return the plaintiff demurred on the ground that the return did not state facts sufficient to constitute any defense to plaintiff's cause of action. The demurrer was, by the court, overruled, and thereupon the court, upon the pleadings, rendered judgment, denying a peremptory writ, dismissing the case, and for costs against the plaintiff.

The case is brought here upon petition in error, with a transcript of the record attached, and plaintiff in error asks for a reversal upon the following assignments of errors: (1) That said judgment is contrary to law; (2) the court erred in rendering judgment for defendant in error and against plaintiff in error; and (3) said court erred in overruling plaintiff in error's demurrer to the return of said defendant in error to the alternative writ.

I.  The questions presented are: Did the court err in overruling the demurrer to the return? and is the judgment contrary to law?  No exception was taken by plaintiff in error to the action of the court in overruling the demurrer, nor was any exception taken at the time to the rendering of the judgment, and it is now contended by counsel for defendant in error, that, as the action of the court below was not excepted to at the time, we have no authority to review the questions presented by the assignment of errors.  It may be conceded that the taking of exceptions and preserving the same is necessary to a review of the evidence, or upon the law as applied to the evidence, and to preserve for review errors of law occurring on the trial, and that, generally, the rulings of a trial court must be excepted to at the time, and such exceptions be preserved, in order that such rulings may be considered on appeal; but there are exceptions to this rule, under which exceptions, in our view, this case may be considered. These exceptions are that exceptions are not necessary to enable the court to examine and correct errors apparent upon the record proper, and an exception is not necessary to enable the court to correct an error in the judgment, if such judgment is, upon its face, contrary to law.  When the error in the judgment does appear in the record proper, the court will consider and correct it, although no exception has been taken. (*Koehler v. Ball*, 2 Kan. 160; *Lender v. Caldwell*, 4 Kan. 339; *Wood v. Nicholson*, 43 Kan. 461, 23 Pac. 587; *Johnson v. Johnson*, 54 Kan. 726, 39 Pac. 725; *Sawyer v. Bryson*, 10 Kan. 201; *Hume v. Robinson*, [Colo. Sup.] 47 Pac. 271; *Burton v. Snyder*, 21 Colo. 292, 40 Pac. 451; *Barr v. Foster*, [Colo.

Sup.] 52 Pac. 1101; *Thomas v. Glendinning*, [Utah,] 44 Pac. 652; *Welton v. Beltezore*, 17 Neb. 401, 23 N. W. 1; *Cheney v. Wagner*, [Neb.] 46 N. W. 427; *Galloway v. McLean*, [Dak.] 9 N. W. 98; *Thornton v. Brady*, 100 N. C. 38, 5 S. E. 910.)

The cases cited for defendant in error—*Railroad Co. v. Estes*, 37 Kan. 229, 15 Pac. 157; *Lott v. Railroad Co.* 42 Kan. 294, 21 Pac. 1070; *Turner v. State*, 45 Kan. 554, 26 Pac. 35—do not sustain defendant in error's contention against the rule we have above stated. In *Railroad Co. v. Estes* the point decided was that if, after an adverse ruling on the demurrer to the petition, the defendant files an answer, he cannot be permitted to file a petition in error in the appellate court to review the adverse ruling. He must await the result of the trial; and, further, that when a demurrer to a petition has been overruled, and the defendant answers, and the plaintiff is then permitted to amend his petition, and to this amended petition the defendant answers, and, after trial had on the amended pleadings, the defendant brings the case to an appellate court for review, such court will not consider the sufficiency of the original petition. In *Lott v. Railroad Co.* the principal question passed upon was whether the appellate court could review the decision of the trial court upon a demurrer to the evidence, in the absence of a motion for a new trial. Another assignment of error, however, was that the trial court erred in sustaining the demurrer to the plaintiff's third cause of action alleged in her petition. On this point all that is said by the commissioners is: "Plaintiff saves no exception to the overruling of the demurrer; therefore the ruling on the demurrer to the plaintiff's

third cause of action cannot be reviewed. Before a ruling on a demurrer can be reviewed in this court, exceptions must be saved in the court below." As the state of the pleadings and proceedings in the trial are not given in the "case," we assume that the question involved in this case was not there presented, as numerous cases from the supreme court of that state, rendered both prior and subsequent to the decision in *Lott v. Railroad Co.*, which cases are herein cited, are to the contrary of the rule appearing from the face of that decision. *Turner v. State* is to the same effect. In none of these cases was the question considered whether the errors complained of were apparent upon the face of the record proper.

*Jennings v. Bank*, 13 Colo, 417, 22 Pac. 777; *State v. Baldwin*, 36 Kan. 7, 12 Pac. 318; *Beaubien v. Hindman*, 37 Kan. 228, 15 Pac. 184; *Graham v. Stewart*, 68 Cal. 374. 9 Pac. 555; *Kelly v. Murphy*, 70 Cal. 560, 12 Pac. 467; *Hanson v. Fricker*, 79 Cal. 283, 21 Pac. 761—each presented for review questions arising from the evidence in the case or questions of law occurring at the trial, which could only be preserved by bill of exceptions, and not errors appearing upon the face of the judgment roll or record proper. In our view, the transcript presents the questions raised by the assignments of error, for our consideration. The pleadings, demurrer, order overruling demurrer, and judgment are the judgment roll or record proper in this case.

II. The answer or return of the respondent to the alternative writ alleging a want of authority in the territorial board of equalization to make the increase in the valuation complained of in said return did not state any defense. The question thereby presented has been

several times considered and determined by this court. (*Wallace v. Bullen,* 6 Okla. 17, 52 Pac. 954; *on rehearing,* 6 Okla. 757, 54 Pac. 974; *Renfrew v. Webb,* 7 Okla. 198, 54 Pac. 448; *Weber v. Dillon, Id.* 568; *Gay v. Thomas, Id.* 184; *Gray v. Logan Co. Id.* 321; *Lee v. Mehew,* this volume, p. 136; 56 Pac. 1046.)

The return did not state any defense in alleging that the increase of valuation complained of was not made for the purpose of equalizing assessments between the various counties, or for the purpose of correcting any alleged error therein, but for the illegal and corrupt purpose of increasing the assessments of the various counties in order thereby to illegally create and produce a greater revenue. If such defense could be made by the respondent, the allegations of his return were clearly insufficient for such purpose. It merely alleged conclusions, and not facts from which a court could determine whether such conclusions were properly deducible or not. Nor did the allegations of such return that such increase was illegal, because made for the purpose of permitting interested parties and officials to create indebtedness in excess of 4 per cent. of the assessed valuation of the property of the Territory or the county, as such indebtedness is limited by the act of congress of July 30, 1886, as there are no facts stated in said return which would inform the court whether the conditions were such that the increase of valuations ordered would have the effect to increase the indebtedness of the Territory or of the county, or whether such increase of indebtedness, if made, would be in violation of said act of congress. The allegations of the return in this particular, as in the one just considered, are

mere allegations of a conclusion, and upon neither prop-
osition stated a defense. (*Bardrick v. Dillon*, 7 Okla. 535,
54 Pac. 785; *Weber v. Dillon Id.* 568.)

The allegation of the return that the respondent re-
fused to spread said increased valuation upon the tax
rolls, because, if so spread thereon, and taxes were lev'ed
thereon, the property of the various taxpayers would be
taxed beyond its actual cash value, and would be un-
justly a lien and incumbrance upon the property of said
taxpayers, merits no consideration. The county clerk
is a mere servant of the people of the county for the
transaction of certain matters of public business pre-
scribed by law. He is not a guardian of the general
welfare or interests of the taxpayers, nor authorized to
sue or defend for them. Under our Code of Civil Pro-
cedure, every cause of action or defense must be prose-
cuted or defended by the real party in interest. We have
repeatedly held that a taxpayer whose property is as-
sessed and taxed upon a valuation in excess of its actual
cash value has for his relief from such excessive taxa-
tion, a right of action, but such right of action is per-
sonal to the aggrieved party, and cannot be asserted
for him by a proxy. The return of the respondent did
not present any defense. It was therefore error for the
court to overrule the demurrer thereto. As the final
judgment was in accordance with the ruling of the court
upon the demurrer, and such judgment is contrary to
the many decisions of this court, above cited, it follows
that it was contrary to law, and must be reversed.

The judgment of the lower court is reversed, and it
is hereby ordered that a peremptory writ issue from this
court to the respondent, directing and commanding him

to do and perform the acts and things prayed by the relator in the petition in this cause.

McAtee, J., not sitting; all of the other Justices concurring.