### THE STATE OF KANSAS v. ELDEN EVERETT.

#### No. 11,878.   (62 Pac. 757.)

1. CRIMINAL PRACTICE — *Insufficient Objection to Information.*
In a criminal prosecution defendant filed a motion to quash the
information for the general reason that the same did not charge
a public offense.   Both the court and the county attorney de-
manded of counsel for the accused that he state the specific
grounds upon which the motion was based.   This he declined to
do, but replied that the motion spoke for itself.   Counsel has
pointed out in this court, for the first time, that the information
does not contain the name of the court in which the defendant
was prosecuted.   *Held,* that the objection urged against the in-
formation will not be considered.

2. JURY AND JURORS — *Qualifications.*   A juror is not disqualified
to sit by reason of having formed or expressed an opinion upon
matters involved in the case over which there is no dispute.

Appeal from Geary district court; O. L. MOORE,
judge.   Opinion filed November 10, 1900.   Affirmed.

*A. A. Godard,* attorney-general, and *W. S. Roark,* for
The State.

*Thomas Dever,* for appellant.

The opinion of the court was delivered by

SMITH, J. : The appellant was convicted of assault
with intent to kill.   The information has the follow-
ing caption : "The State of Kansas, plaintiff, v. Elden
Everett, defendant.   State of Kansas, county of Geary.
Information."   It recites that "the county attorney
gives the court to understand and be informed that in
the county of Geary, state of Kansas, on or about the
19th day of January, 1900, the defendant, Elden Ev-
erett, did then and there unlawfully, wilfully, felon-
iously, on purpose, and of malice aforethought, with
a deadly weapon, to wit : a pocket-knife, which he

then held in his hand, stab one Ed. Boone, with intent him, the said Boone, to kill."

Defendant's counsel filed a motion to quash the information for the reason that the same did not state facts sufficient to charge a public offense, and stated that he did not care to make an argument on the same. The county attorney then asked "that the record show that he (the county attorney) asked that counsel for defendant state his particular objection to the information," to which defendant's counsel answered: "The motion attacks the information generally. The motion speaks for itself." The court called on counsel for the accused to state the specific grounds upon which he thought the information to be bad. In reply he said: "The attack is upon the ground that it is insufficient and does not state facts sufficient to constitute a public offense. I desire to read the motion and allow it to speak for itself. [Counsel then read the motion.] If the information is good against this motion, then the motion should be overruled, but if the information is bad against this motion, then the motion should be sustained." The court said : "If you have nothing to say I will overrule the motion."

It is indicated here for the first time that the information does not contain the name of the court in which it was filed, for which reason it is insisted that the motion to quash should have been sustained. Counsel for the defendant persistently refused to inform the trial court of the existence of this defect, and studiously avoided pointing it out when asked so to do by the county attorney, and the court at the trial. The objection made is highly technical, and the defect could have been remedied at once by an amendment, had counsel made it known. If it be claimed that the

omission of a necessary allegation was apparent on the face of the information, so much so that the court ought to have noticed the same without particular attention being directed thereto, we can answer in the words of Mr. Justice Valentine, in *Ambrose v. Parrott*, 28 Kan. 693, 700 :

"If, however, the various causes of action set forth in the plaintiff's petition were so manifestly obvious that the court must have readily taken notice of them by a bare inspection of the petition and without any specific designation of them in the defendants' motion, then they were necessarily so manifestly obvious that the defendants themselves should also have taken notice of them, and would not have experienced any considerable inconvenience in pointing them out in their motion."

See, also, *Beaubien v. Hindman*, 37 Kan. 227, 15 Pac. 184 ; *Byington v. Comm'rs of Saline Co.*, 37 id. 654, 16 Pac. 105 ; Elliott on Appellate Procedure, § 770.

Counsel ought not to lay traps for the court, nor can they profit by concealment after a disclosure has been required. It is unfair to insist here that the court below erred in overruling an objection to a pleading when the point relied on was carefully concealed from it—not only not argued, but nowise indicated, although the court pressed counsel to make it known. The motion in arrest of judgment was in effect a renewal of the motion to quash, and employed the same language.

Three of the jurors, when examined touching their qualifications to serve, stated that they had opinions that Ed. Boone, the prosecuting witness, was stabbed, and one of the jurors further stated that he had read an account of the affair in the newspapers, and if the person mentioned in such account did the stabbing, then he had an opinion that the defendant did it.

The defendant offered no testimony in his own behalf, except to show that he had a good reputation as a peaceable man, and had been a soldier in the Spanish war.  James Kennedy, a witness for the defendant, was absent, and it was agreed between counsel that if he was present he would testify that the defendant Everett went to his place, where he was employed, related the whole circumstance to him, remained there and made no effort or suggestion that he would secrete himself or get away; that his character and conduct in the neighborhood, save and except that one occurrence at Kennedy's place, was good for the time the witness knew him, which was about two months.  It seems from this that the defendant made no denial of the fact that he stabbed the complaining witness.  It appears that the questions about which the jurors expressed opinions were not in dispute.

We have examined the instructions.  They appear to cover the case and state the law fairly.  The judgment of the court below will be affirmed.