## OWENS et al. v. CULBERTSON et al.

No. 7106—Opinion Filed Jan. 2, 1917.

Rehearing Denied May 15, 1917.

(164 Pac. 975.)

**1. Mortgages—Foreclosure—Appraisement—Statutory Provision.**

Section 4016, Rev. Laws 1910, Ann., provides, in substance, that when the words "and waive the appraisement" are written or printed in a mortgage on real estate, in case of foreclosure and sale of the premises under said mortgage, no order of sale shall issue thereunder for six months after the date of judgment, and the premises must be sold without appraisement.

**2. Appeal and Error—Mortgages—Foreclosure on Decree—"and Waive the Appraisement"—Surplusage—Affirmance.**

Where, in a decree of foreclosure, the mortgage has written or printed therein, "and waive the appraisement," and the order of sale has not been issued until the expiration of six months from the date of judgment, and the journal entry provides that said premises shall be sold "according to the provisions of law relating to the sale of real estate under execution," such words will be held to mean that said premises shall be sold in accordance with the stipulation in the mortgage "without appraisement," and where appraisement has been made in the proceedings to sell said real estate under such foreclosure, such appraisement will be regarded as surplusage, and, if necessary, this court on appeal may direct the journal entry and entire record to be modified by striking such provisions out of the record, and if it appears from the entire record that all other proceedings in foreclosure have been duly and regularly taken and performed, and that there has been no miscarriage of justice nor substantial violation of any constitutional or statutory right, the judgment of the lower court in confirming the sale will not be reversed not set aside, but, on the contrary, will be affirmed by this court.

**3. Appeal and Error—Harmless Error.**

The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect.

(Syllabus by Robberts, C.)

Error from Superior Court, Muskogee County; Farrar L. McCain, Judge.

Action by G. J. Culbertson and another against Samuel Owens and Phillip Owens. Judgment for plaintiffs, and defendants bring error. Affirmed.

William Neff and L. E. Neff, for plaintiffs in error.

Chas. A. Moon, for defendants in error Lain.

Opinion by ROBBERTS, C. This is an appeal from an order of the superior court of Muskogee county, confirming a sheriff's sale in a mortgage foreclosure case. Judgment was rendered December 3, 1913. The property was decreed to be sold "according to the provisions of law relating to the sale of real estate under execution and subject to a mortgage to F. C. Finerty for $900 and interest." There was no specific finding in the judgment that the mortgage contained the words "appraisement waived," but the Mortgage was attached to the petition, and made a part thereof, and has written therein the following:

"And the said parties of the first part for said consideration do hereby expressly waive an appraisement of said real estate."

Section 4016, Rev. Laws 1910, provides that:

"When the words, 'and waive the appraisement' are * * * printed therein, the premises mortgaged must be sold without appraisement, in case of foreclosure and sale thereunder, and in such case no order for such sale shall issue for six months after the date of judgment."

The judgment was dated December 3, 1913, and the order of sale was issued June 4, 1914, which was more than six months after the date of judgment, and the land was sold on July 14, 1914. This is all made plain by the record.

The record shows that the order of sale directed the sheriff "to sell said real estate with appraisement, and subject to a prior mortgage of F. C. Finerty for the sum of $900, and any interest thereon," and also that the land was advertised for sale subject to said mortgage, and was appraised at $1,200. The order of confirmation sets out the proceedings, and finds that the property "was bid off by Fred A. Lain for the aggregate sum of $1,400, to wit, $500 in cash, and the assuming of a $900 prior mortgage upon said premises, as set out in said notice of sale." The sheriff's return shows that he collected $500, which, with the $900 mortgage, made up the $1,400.

Counsel for plaintiffs in error in their brief state that:

"The errors argued will be based upon the fact that the full amount of the bid was not collected."

The purchaser at the sale, and the plaintiffs in the action are made defendants in error. The record shows all the facts necessary to a final determination of the case. No appearance was made in any branch of the proceedings in the lower court by the defendants, and no exceptions saved, but it has frequently been held by the Supreme Court of Kansas and this court that errors appearing upon the face of the record may be reviewed, although no formal exceptions were saved. Dexter v. Cochran, 17 Kan. 447; Lenders v. Caldwell, 4 Kan. 339; Territory v. Caffrey, 8 Okla. 193, 57 Pac. 204; International Harv. Co. v. Cameron, 25 Okla. 256, 105 Pac. 189; and in Ferguson v. Tutt, 8 Kan. 370, it is held that:

"A sheriff's return on an order of sale, showing that he had collected money thereon, is a part of the record of the proceedings."

The rule laid down by Justice Tarsney in Territory v. Caffrey, supra, is as follows:

"It may be conceded that the taking of exceptions and preserving the same is necessary to a review of the evidence, or upon the law as applied to the evidence, to preserve for review errors of law occurring on the trial, and that, generally, the rulings of the trial court must be excepted to at the time, and such exceptions be preserved, in order that such rulings may be considered on appeal; but there are exceptions to this rule, under which exceptions, in our view, this case may be considered. These exceptions are that exceptions are not necessary to enable the court to examine and correct errors apparent upon the record proper, and an exception is not necessary to enable the court to correct an error in the judgment, if such judgment is, upon its face, contrary to law. When the error in the judgment does appear in the record proper, the court will consider and correct it, although no exceptions have been taken."

Numerous authorities are cited in support of this rule.

The points contended for by counsel for plaintiffs in error are apparent upon the face of the record, but we cannot agree with counsel in their contentions. It appears that every step necessary to a regular and complete record in the trial court, including the sale and confirmation was taken, except as to the matter of appraisement of the land. There seems to be some uncertainty about that. This record is made on regular printed form, and is as follows:

| Description of Property. | Appraisement. |
|---|---|
| The west half of the northwest quarter of section twenty- | |

nine (29), township thirteen (13) north, range eighteen (18) east of the Indian base meridian, in Muskogee county, state of Oklahoma.                    $1,200.00

From the face of this appraisement, it might seem that the full value of the land was fixed at $1,200, but the entire record, including the petition, the mortgage, which is made a part thereof, the judgment and decree of foreclosure, the order of sale, the notice of sale, the return of the sheriff, and order confirming sale, all show that the land was to be and was, sold subject to the $900 mortgage. But suppose we admit for the sake of argument in support of counsel's contention that it was the intention of the appraisers to fix the value of the defendants' equity in the land at $1,200. To our minds, that would be immaterial. The agreement between the parties as shown by the mortgage and the entire record is that the land should be sold without appraisement. The statute supra says that "where appraisement is waived, the land cannot be sold until six months after the judgment, and must be sold without appraisement." Under the facts and the record in this case, if an order of sale had been issued prior to the expiration of the six months after judgment, and the land sold, such proceeding would certainly have been voidable, if not absolutely void, in the face of this record and the statute. The decree of foreclosure does not order the land appraised, but directs that it be sold "according to the provisions of law relating to the sale of real estate under execution." The contention of counsel is that the language here used impliedly directs that the land be sold under appraisement, but we do not so construe this language. That provision of the order of sale was entirely unauthorized, and should be treated simply as surplusage and disregarded, so far as it relates to, or might relate to, the contention of counsel for plaintiffs. If necessary, the decree could be modified by striking this particular provision from the journal entry, but, as we look at it, it is unnecessary. The entire record shows conclusively that this land should have been sold without appraisement. No appraisement was necessary; however, no harm was done by the appraisement. It was simply an unnecessary, unauthorized, futile act on the part of the clerk in putting it in the order, and in the sheriff in the appointment of the appraisers, and also in the appraisers in proceeding to appraise the land. In Stockmeyer v. Tobin, 139 U. S. 176, 11 Sup. Ct. 504, 35 L. Ed. 123, a case involving to some extent the question here presented, Justice Harlan says:

"The writ of seizure and sale directed the sheriff to seize and, after the legal delays,

to advertise and sell, according to law. * * * The writ, it is true, did not in terms require the sale to be made without appraisement. * * * We think, in view of the petition and order for executory process, the words 'according to law' in the writ imported a sale in accordance with the stipulations of the mortgage and the prayer of the petition, viz. without appraisement."

So it may be said that the language used in this case, to be "sold according to the provisions of law," etc., imports a sale in accordance with the stipulation in the mortgage, to wit, without appraisement. But, as stated before, all of these acts were without authority of law; they were unnecessary, and will be treated as surplusage herein. Section 4791, Rev. Laws 1910, provides:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

And section 6005, same statute, provides:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence, or as to error in any matter of pleading or procedure, unless, in the opinion of the court to which application is made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of justice, or constitutes a substantial violation of a constitutional or statutory right."

After careful examination of the record, we are fully satisfied that no injustice has been done, and that no constitutional or statutory right has been violated. Mullen v. Thaxton, 24 Okla. 643, 104 Pac. 359; St. L. & S. F. R. Co. v. Houston, 27 Okla. 719, 117 Pac. 184.

No other errors being contended for, and it further appearing to the court that the judgment, sale, and information are regular and binding upon all the parties to the transaction, the judgment should be affirmed.

By the Court: It is so ordered.